JAMES MCCRAY, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Section 1088 of Rev. Stats., providing for the direction of a verdict by the trial judge applies only to civil cases, and does not extend to criminal trials. Boykin v. State, 40 Fla. 484, 24 South. Rep. 141, approved and followed.

2. While the trial judge would have the right, after all the evidence in a criminal case had been submitted, if he was clearly satisfied that all of said evidence would not warrant or support a verdict of guilty, to instruct the jury te acquit, this is a matter resting entirely within the discretion of the judge, and no error can be predicated upon his failure or refusal so to do.

3. Evidence examined, and found sufficient to support the verdict.

This case was decided by Division A.

Writ of error to the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the Court.

C. C. Thomas, for Plaintiff in Error.

William B. Lamar, Attorney-General, for the State.

SHACKLEFORD, J.

At the Spring term, 1902, of the Circuit Court of Alachua county, the plaintiff in error, hereinafter referred to as the defendant, was indicted, tried and convicted of the crime of larceny of one book of cash checks or certificates of the value of fifty dollars, and was sen-

tenced to be confined at hard labor in the State prison for the period of two years. A reversal of this judgment is sought by writ of error.

The first error assigned is based upon the refusal of the trial court to direct the jury to return a verdict of not guilty. In passing upon this point it is sufficient to say that section 1088 of Rev. Stats. providing for the direction of a verdict by the trial judge applies only to *civil* cases. Boykin v. State, 40 Fla. 484, 24 South. Rep. 141. While the trial judge would have the right, after all the evidence in a criminal case had been submitted, if he was clearly satisfied that all of said evidence would not warrant or support a verdict of guilty, to instruct the jury to acquit, this is a matter resting entirely within the discretion of the trial judge, and no error can be predicated upon his failure or refusal so to do. However, in the case at bar there was evidence tending to show the guilt of defendant, hence it was eminently proper for the jury to pass upon it and say by their verdict whether they found the defendant guilty or not guilty.

The other errors assigned are to the effect that the verdict was contrary to the evidence and to the weight of the evidence, contrary to law, and contrary to the instructions of the court, and all of said errors may be considered together. A careful examination of all the evidence discloses the following state of facts: A check book containing 50 checks, payable to bearer and of the value of one dollar each, the same being the property of the Gainesville and Gulf Railway Company, a corporation, was delivered by a clerk employed in the office of the auditor of said company to a conductor of said company to be delivered by him to one George Cloversettle;

6 S. C.

said conductor placed the envelope containing said check book, and which envelope was sealed up and addressed to the said Cloversettle, in the mail box of the baggage car of the train of which said conductor had charge; the defendant was an employe of said company and was running on said train with said conductor on said day said check book was handed to him, and had access to the mail box in which the same was placed; two days afterwards, when the package was missed, said conductor asked the defendant if he had seen any of the checks contained in said book and he replied that he had not; a deputy sheriff on searching the house of defendant under a search warrant found therein seven of said checks, which were identified, of which five were claimed by the wife of said defendant and two by his mother-in-law; another employe of said company testified that on the night of the 14th and on the morning of the 15th of April, 1902, the defendant gave him at three different times checks to have cashed for him, aggregating fifteen in all. None of this testimony is contradicted. The defendant was the only witness introduced in his behalf, and he testified that one Jones had handed him fourteen checks to get cashed for him and that he, the defendant, had given five of said checks to his wife and two to his mother-in-law, telling them that the checks belonged to a man by the name of Jones, but if they wanted to use them it would be all right.

We are of the opinion that the testimony is sufficient to sustain the verdict, and, following the long established practice of this court, we must refuse to disturb it. Scarborough v. State, 39 Fla. 436, 22 South. Rep. 720; Browning v. State, 41 Fla. 271, 26 South. Rep. 639.

We have examined the charges given by the court and

---

---

find that they state the law applicable to the case correctly and that the verdict of the jury is not contrary thereto. None of the errors is well assigned, and the judgment of the court below must be affirmed.