JOHN V. RYAN, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1. Section 1496 of the General Statutes of 1906, providing for the direction of a verdict by the trial judge, applies only to civil actions and does not extend to criminal prosecutions.

2. A defendant in a criminal case is not entitled as of right to an instruction to the jury to return a verdict of not guilty.

3. The general rule is in regard to negotiable instruments that it is not necessary that a presentment for payment should be personal. It is sufficient if made at the place specified in the instrument, or personally if the maker or acceptor waives his right of having it made at the place stipulated in the contract; and, if no place is specified in the instrument, then if made at the place of business or residence of the maker or acceptor. Section 3006 of the General Statutes of 1906 is in full accordance with this general doctrine.

4. In a criminal prosecution for the violation of Chapter 5468 of the Laws of Florida, (1905, page 162), where the evidence clearly establishes that the draft in question was presented for payment at the place named therein, that the drawee could not be found there, that the draft was not paid, that notice of its non-payment was given to the defendant personally, and that it has never been paid, this is sufficient, so far as presentment and notice of non-payment are required, to uphold a verdict of guilty.

5.   Evidence examined and found sufficient to sustain the verdict.

This case was decided by Division A.

Writ of Error to the Criminal Court of Record for Orange County.

The facts in the case are stated in the opinion of the court.

*W. E. Shine,* for Plaintiff in Error.

*Park Trammell,* Attorney General, for the State.

SHACKLEFORD, J.—An information was filed against the defendant in the court below based upon chapter 5468 of the Laws of Florida, (1905, page 162), which is as follows:

"An act to prohibit the issuing by any one of checks or orders upon banks or other persons, when the makers of such orders or checks have not sufficient funds on deposit with the drawee to pay such order, to prescribe a rule of evidence therein and to provide punishment therefor.

*Be it enacted by the Legislature of the State of Florida:*

Section. 1.   Whoever gives, makes or issues to another any draft, order, or check either in his own behalf, or as agent for any person or persons, firm or corporation, upon any bank, banking house, person, firm, or corporation in payment for any goods or chattels, lands or tenements or other things of value, the title or possession of which shall have been transferred upon the faith of the payment of such draft, order or check and shall not at the time of giving, making, or issuing such draft, order, or check have sufficient money on deposit with such bank, or banking house, person, firm, or corporation to pay said draft, order

or check, or have reason to believe from an existing contract or from previous dealings with the bank, banking house, person, firm or corporation drawn upon, that such draft, order or check will be paid, and who upon the non-payment of such draft, order or check by the bank, banking house, person, firm or corporation drawn upon, shall not within twenty-four hours after notice of the presentation to and non-payment by such bank, banking house, person, firm or corporation of such draft, order, or check, make full and complete restitution by returning the consideration received for such draft, order, or check to the person or persons in whose favor such draft, order, or check was made payable, provided the same shall not have been transferred by the payee, or by paying the amount of the same to the payee or their lawful holder thereof if the same shall have been transferred shall be deemed guilty of felony, and upon conviction shall be punished by imprisonment in the State prison for a period not greater than ten years, or by fine not exceeding three thousand dollars, or by both such fine and imprisonment.

Sec. 2. This act shall take effect immediately upon its approval by the Governor.

Became a law without the approval of the Governor."

A trial was had, which resulted in conviction, and the defendant was sentenced to confinement at hard labor in the State prison for the term of three years. From this judgment and sentence relief is sought here by writ of error.

The first assignment is "that the court erred in not instructing the jury of its own motion to find a verdict of not guilty." We have held in several cases that section 1088 of the Revised Statutes of 1892, (now section 1496 of the General Statutes), providing for the direction of a

verdict by the trial judge, applies only to civil actions and does not extend to criminal prosecutions. Boykin v. State, 40 Fla., 484, 24 South. Rep., 141; McCray v. State, 45 Fla., 80, 34 South. Rep., 5; Wilson v. State, 47 Fla., 118, 36 South. Rep., 580; Leaptrot v. State, 51 Fla., 57, 40 South. Rep., 616; Maloy v. State, 52 Fla., 101, 41 South. Rep., 791. We have also held that even in civil actions the court should not direct a verdict for one party unless the evidence is such that no view which the jury may lawfully take of it favorable to the other party can be sustained. The power of the court to direct a verdict on the evidence should be cautiously exercised. Johnson v. Louisville & N. R. Co., 59 Fla., 305, 52 South. Rep., 195, and authorities there cited. This assignment must be held not to have been sustained.

The second assignment is based upon the refusal of the motion for a new trial. The only contention made here in support thereof is as to the sufficiency of the evidence to sustain the verdict. It is urged that the evidence fails to show any presentation of the draft in question to the drawee for payment or that the defendant was ever notified of its non-payment, which was necessary under the statute, which we have copied in full above, in order to uphold the verdict. We shall not go into any extended discussion of the evidence. It is sufficient to state that it establishes that the defendant drew a draft for the sum of $35.00, payable on demand to the order of the State Bank of Orlando, on F. W. Sherman, Jacksonville, Florida, at Aragon Hotel, which draft was cashed by such bank; that such draft has never been paid, though it was forwarded for collection to a bank in Jacksonville, was presented for payment at the Ara-

gon Hotel, but not to the drawee in person, for the reason that he was not found at such hotel. F. W. Sherman, the drawee, testified to the effect that on the 30th of December, 1909, the date on which such draft was drawn, and in the early part of January, he was residing at 243 Parker Street and never stayed at the Aragon Hotel even for one meal, that on such date the defendant had not sufficient money on deposit with him to pay such draft and had no reason to believe from any existing contract or previous dealings with him that such draft would be paid on presentation. There is also testimony to the effect that a representative of the Jacksonville bank found the defendant in person at the Aragon Hotel and presented the draft to him and that he wrote thereon in pencil "Payment guaranteed by J. V. R.," but that the draft was never paid and was returned to the State Bank of Orlando. The defendant, who took the stand in his own behalf, testified on his direct examination that on the 14th day of March, the noonday mail was delivered at his office, just as he was about to leave it to take a train for Richmond, that he noticed an envelope bearing the stamp of the State Bank of Orlando, addressed to Mr. Sherman, which he opened and found that it stated that the draft in question had never been paid and that unless it was paid immediately it would be placed in the hands of the American Bankers' Association. On cross-examination, when a letter was handed to him, he testified that he could not swear that such a letter was the one to which he referred, but that he judged "this is the purport of it." The State then recalled S. Waters Howe, acting cashier of the State Bank of Orlando, who testified that the letter which had been previously handed to the defendant was a copy of a letter

which he had written to Mr. Sherman and sent to Mobile and that it was the only letter he had written him. Whereupon the State offered the copy of such letter in evidence, to which the defendant objected "on the ground that by it the State seeks to charge him with notice, and the letter is not addressed to the defendant." The objection was overruled and the exception to such ruling forms the basis for the third assignment.

The general rule is that "It is not necessary that a presentment for payment should be personal. It is sufficient if made at the place specified in the instrument, or personally if the maker or acceptor waives his right of having it made at the place stipulated in the contract; and, if no place is specified in the instrument, then if made at the place of business or residence of the maker or acceptor." Norton on Bills and Notes (3rd ed.) § 140. In full accordance with this general doctrine, our Legislature, in declaring what is sufficient presentment, has said presentment for payment is made at the proper place:

"1. Where a place of payment is specified in the instrument and it is there presented." Section 3006 of the General Statutes of 1906. It is clearly established that the draft in question was presented for payment at the place named therein, that the drawee could not be found there, that the draft was not paid, that notice of its nonpayment was given to the defendant personally and that it has never been paid. We think that this is sufficient, so far as presentment and notice of non-payment are required to uphold the verdict. We are further of the opinion that the evidence was amply sufficient to warrant the jury in returning a verdict of guilty. That there may have been some conflicts in the evidence upon certain points furnishes no ground for our disturbing such verdict, especially as the trial judge concurred therein. We are also of

the opinion that the ground of objection to the introduction of the copy of the letter in evidence was properly overruled, the defendant being confined here to the specific grounds urged by him in the trial court. See Brown v. Bowie, 58 Fla. 199, 50 South. Rep., 637. Further discussion seems unnecessary. We are clear that the second and third assignments have not been sustained, and, as we have now considered all the points urged before us and have found no reversible error, it follows that the judgment must be affirmed.

WHITFIELD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER, and PARKHILL, J. J., concur in the opinion.