JAMES E. WHITNEY, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1.  In order to warrant a conviction under Chapter 5468 of the · Laws of Florida (1905, page 162, General Statutes of 1906, page 1593) it is incumbent upon the State to prove that the defendant not only did not have sufficient money on deposit with the person upon whom the draft in question was drawn to meet the same, but also that the defendant did not "have reason to believe from an existing contract or from previous dealings with" such person that such draft would be paid.

2.  Evidence examined and found insufficient to support the verdict.

Writ of error to the Criminal Court of Record for Duval County.

The facts in the case are stated in the opinion of the court..

*A. G. Hartridge*, for Plaintiff in Error;

*Park Trammell*, Attorney General, and *C. O. Andrews*, for the State.

SHACKLEFORD, J.—An information was filed against the defendant in the court below based upon Chapter 5468 of the Laws of Florida, (1905, page 162, General Statutes of 1906, page 1593.) This Chapter will also be found copied in full in Ryan v. State, 60 Fla. 25, 53 South. Rep. 448, the only time that this court has been called upon to consider it. The information contained two counts, but, as no attack was made thereon, we do not copy it. The defendant was convicted under the first count and sentenced to confinement at hard labor in the State Prison for the term of five years, from which judgment and sentence he seeks relief here by writ of error.

Several asignments are argued before us, but, in view of the conclusion which we have reached, it becomes unnecessary for us to treat them in detail. In order to warrant a conviction under the statute, with the violation of which the defendant stood charged, it was incumbent upon the State to prove that the defendant not only did not have sufficient money on deposit with the person upon whom the draft in question was drawn to meet the same, but also that the defendant did not "have reason to believe from an existing contract or from previous dealings with" such person that such draft would be paid. We are of the opinion that the evidence falls short of establishing such facts. It shows that the defendant drew a draft for $2,000.00 on Ernest J. Sanderson, which the Commercial Bank of Jacksonville cashed at the instance of the defendant, which draft was presented to Sanderson, who accepted the same, but did not pay it, and the draft was returned to such bank and the defendant notified of its non-payment, and that he had failed to "make full and complete restitution by returning the consideration received from

such draft" within twenty-four hours after such notice. The evidence further establishes that the defendant had previously drawn several drafts on Sanderson which had been cashed through such bank and which had been paid. Sanderson himself, who was introduced as a witness on behalf of the State, testified that he accepted the draft in question, but that he had no money with which to pay it. He does not testify that the defendant did not have sufficient money on deposit with him with which to meet such draft, but simply that he did not have the money. There is no showing whatever that the defendant did not have reason to believe from his previous dealings with Sanderson that the draft would be paid. The fact that Sanderson did as a matter of fact accept it would indicate that he contemplated paying it.

It follows that the court erred in refusing the motion for a new trial, which questioned the sufficiency of the evidence to support the verdict. For this reason the judgment must be reversed.

WHITFIELD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.