OSBORN WOLFE, *Plaintiff in Error, v.* THE STATE OF FLOR-
IDA, *Defendant in Error.*

### Opinion filed August 2, 1918.

Chapter 7263, Acts of 1917, provides in effect that whoever
gives, makes or issues to another any draft, order or check
in payment for property, the title or possession of which
shall have been transferred upon faith of payment of such
draft, order or check, and shall not at the time of giving,
making, issuing or presentation of such draft, order or
check have sufficient money on deposit with the drawee
to pay said draft, order or check, and does not make restitu-
tion as stated in the Act, shall be deemed guilty of a felony.
Such Statute is not violated when at the time of issuing
and presentation of a check the drawer has to his credit
in due course as a depositor with the drawee bank suffi-
cient money to pay the check, even though by arrangement
with the bank presenting the check for payment in the
forenoon the drawee bank had until 4 P. M. to adjust pay-
ment by clearances, and prior to 4 P. M. and before actual
payment of the check, upon telegraphic advices that a draft
given to the drawee bank by the drawer of the check had
been dishonored, the amount of the draft was charged to
the drawer, thereby making his deposit insufficient to pay
the check.

Writ of Error to Criminal Court of Record for Dade
County, James T. Sanders, Judge.

Judgment reversed.

*G. C. McClure* and *E. P. Martin,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *C. O. An-
drews,* Assistant, for the State.

WHITFIELD, J.—This writ of error was taken to a judg-ment of conviction on a charge that Osborn Wolfe did give, make and issue to named payees a certain bank check in his own behalf in payment for a carload of grapefruit, the title to which grapefruit was then and there transferred to Wolfe upon faith of payment of said check, "and the said Osborn Wolfe did not at the time of presentation of said bank check have sufficient money on deposit with * * * the bank upon which said bank check was drawn * * * to pay said bank check, and the said Osborn Wolfe did not within twenty-four hours after written notice of the presentation and non-payment * * * of said bank check, make full and complete restitution," etc.

The Statute under which the information was filed is as follows:

"CHAPTER 7263.—(No. 5.)

"AN ACT to Prohibit the Issuing by Any One of Checks or Orders Upon Banks or Other Persons, When the Mak-ers of Such Orders or Checks Have Not Sufficient Funds on Deposit With the Drawee to Pay Such Order, to Prescribe a Rule of Evidence Therein, and to Provide Punishment Therefor.

*"Be It Enacted by the Legislature of the State of Florida:*

"Section 1. Whoever gives, makes or issues to another any draft, order or check, either in his own behalf, or as agent for any person or persons, firm or corporation in payment of goods or chattels, lands or tenements, or other things of value, the title or possession of which shall have been transferred upon fath of payment of such draft, order or check, and shall not at the time of giving,

making, issuing or presentation of such draft, order or check have sufficient money on deposit with such bank, or banking house, person, firm or corporation to pay said draft, order or check by the bank, banking house, person, firm or corporation drawn upon, shall not within twenty-four hours after written notice of the presentation to and non-payment by such bank, banking house, person, firm or corporation of such draft, order or check, make full and complete restitution by returning the consideration received for such draft, order or check to the person or persons in whose favor such draft, order or check was made payable, provided the same shall not have been transferred by the payee or by paying the amount of the same to the payee or the lawful holder thereof if the same shall have been transferred, shall be deemed guilty of a felony, and upon conviction shall be punished by imprisonment in the State prison for a period not greater than one year, or by fine not exceeding one thousand dollars, or by both such fine and imprisonment.

"Sec. 2. The introduction of such unpaid draft, check or order, with the supplementary oath of the payee or drawee, or his agent, that such draft, check or order was presented for payment or entered for collection, and that the same was returned unpaid, shall be deemed *prima facie* evidence of insufficient funds for the payment thereof, and a receipt from the registry department of any United States Postoffice shall be deemed *prima facie* evidence of the actual delivery of notice as provided in this Act.

"Sec. 3. All laws or parts of laws in conflict with this Act are hereby repealed.

"Approved May 21, 1917."

It appears that the defendant, Wolfe, deposited with the drawee bank a draft on a party in Philadelphia suffi-

cient to cover the check in controversy and that the amount of the draft was credited to Wolfe; that subsequently he delivered to the payees a check on the bank for a carload of grapefruit; that at the time the check was delivered to the payees, the defendant, Wolfe, had in the drawee bank sufficient funds to pay the check; that the check in question drawn on the Fidelity Bank & Trust Company of Miami, Florida, was delivered to the payee in that City on Saturday morning, November 10th, 1917; that the check was on the same day endorsed and deposited in the Bank of Bay Biscayne of that City; that on the following Monday the check was presented to the drawee bank by the bank in which it was deposited by the payee, and that by arrangement between the banks the payee bank had until 4 P. M. to pay the check through clearance processes; that at the time of presentation Wolfe had to his credit in the drawee bank a sufficient amount to pay the check, but about 2:49 P. M. of the day on which the check was presented to the drawee bank, that bank received telegraphic advice that payment of the Philadelphia draft deposited by the defendant with the drawee bank, had been refused, and the check drawn by the defendant was returned to the bank in which it had been deposited by the payee thereof.

The Statute makes it a crime to issue to another a check in payment for anything of value, the title or possession of which shall have been transferred upon faith of payment of such check, when the drawer has not "at the time of giving, making, issuing or presentation" of such check "sufficient money on deposit with" the drawee to pay such check, and the party who gives, makes or issues the check "shall not within twenty-four hours after written notice of the presentation" and non-payment of the check "make full and complete restitution," etc. The

information charges that the defendant "did not at the time of presentation of said bank check have sufficient money on deposit with the " payee bank "to pay said bank check." This material allegation is not proven; but on the contrary it appears without controversy that when the check was presented for payment on the morning of November 12th, the defendant did have sufficient money on deposit with the drawee bank to pay the check and that it would have been paid but for the arrangements between the bank that presented the check and the drawee bank that clearance adjustments could be made at any time before four P. M. of the day. Before the clearance for the day was consummated the drawee bank at 2:49 P.M. received telegraphic notice that payment of the draft drawn by the defendant on Philadelphia a few days before had been refused, and the check was not paid in the clearance of the day, but was returned to the bank in which it was deposited by the payees. It does not appear that the defendant had reason to believe when he delivered the check that it would not be paid in due course. On the contrary it appears that from November 9th to 2:49 P. M. of the 12th the defendant had sufficient money on deposit with the drawee bank to pay the check, and the bank officer testified that payment of the check would have been made if demanded between November 9th and 2:49 P. M. of the 12th, and that other drafts deposited by the defendant had been paid. Whatever may be the legal rights of the parties to the transaction, the evidence does not show that the defendant has violated the quoted Statute.

In charging the Jury the Court erroneously quoted the second section of the Statute as containing the word "available" before the word "funds."

Judgment reversed.

BROWNE, C. J. AND TAYLOR, ELLIS AND WEST, J. J., concur.