JOHN LESLIE, ALIAS, ETC., PLAINTIFF IN ERROR, VS.
THE STATE OF FLORIDA, DEFENDANT IN ERROR.

CRIMINAL LAW—CONFESSIONS—PROOF OF VENUE.

1. Where a party, while under arrest, of his own motion, calls another party, from whose hotel certain jewelry has recently been stolen, privately to one side, and there voluntarily, and without inducement or threat, proposes to give up the jewelry recently stolen from such party's hotel, upon condition that he is released, such proposition is such a voluntarily made confession, as to both the possession of the stolen goods and as to knowledge that such goods had been stolen, as to become pertinently admissible in a subsequent trial of such prisoner for the larceny of such jewelry.

2. Where the proof, in a trial for larceny, showed that the property was stolen from "Lynn's hotel, in the city of St. Augustine," it is sufficient to establish the venue of the crime as being in St. Johns county, the city of St. Augustine being the county site of that county.

Writ of error to the Circuit Court for St. Johns county.

The facts of the case are stated in the opinion of the court.

*F. W. Pope* and *M. C. Jordan*, for Plaintiff in Error.

*The Attorney-General*, for Defendant in Error.

TAYLOR, J.:

The plaintiff in error was indicted, tried and convicted at the Fall term, 1894, of the Circuit Court for St. Johns county of the crime of larceny of the property of one Augustus Schoor exceeding one hundred dollars in value, and was sentenced to five years im-

prisonment in the State penitentiary, which judgment he seeks to reverse by writ of error.

We have recently, at the present term, disposed of another case against the same defendant, wherein he was tried and convicted in the same court of the crime of entering a certain building or office, the property of one L. Alexander, with intent to commit a misdemeanor, to-wit, with intent to commit larceny of property less in value than one hundred dollars. In that case the conviction sustained was had substantially upon the same testimony adduced in the present case; the points of law raised and decided upon the assignments of error therein were identically the same as are presented in this case, and what is said and decided upon the various questions in that case are fully decisive of the same questions presented in this. It is, therefore, unnecessary for us to notice further any of the assignments of error in this case, with two exceptions not presented in the other case.

The property stolen in this case was shown to have consisted of several articles of diamond jewelry belonging to Miss Augusta Schoor, and were shown to have been stolen out of her trunk in a room of a hotel in St. Augustine occupied by her, which hotel was kept by Joseph Lynn, and was known as "Lynn's Hotel." It was further shown that the defendant, within a day or two after the jewelry was stolen, was arrested in Jacksonville, Fla., and in his trunk the stolen jewelry was found. At the trial the State introduced Joseph Lynn as a witness, who testified: That on the 14th or 15th of March he went to Jacksonville on the same train with the defendant, and saw him arrested by the policeman in Jacksonville. He was taken in a carriage to Chief of Police Phillip's office. He called me one side and said "Lynn, I am a

man that does what's right, and if they will let me go, I will give up the jewelry that was taken from your house." This evidence was admitted over the defendant's objection, and its admission is assigned as error. There was no error here. The witness Lynn was not an officer and does not appear to have had anything to do with the arrest of the defendant. According to the record he was a mere by-stander, and the defendant voluntarily, of his own motion, calls him aside at the police office, and as an inducement for his release, offers to give up the jewelry that had been taken from Lynn's house. In his own voluntary proposition to purchase his release by giving up the jewelry stolen from Lynn's house, he admitted a knowledge of the fact that jewelry had been stolen from that house, and also that he himself had that jewelry in his possession. The evidence was highly pertinent and relevant, and the confession involved in it seems to have been made volunrily by the defendant, *sua sponte*, without the duress of any threat or the hope of benefit from any promise of reward or immunity from punishment, but was rather a voluntarily offered bribe for his release from present arrest. There was no error in its admission.

The second contention that we deem it necessary to notice is that the venue was not sufficiently established. There is no merit in this contention. The proof shows that the property was stolen from "Lynn's Hotel" in the city of St. Augustine. The city of St. Augustine is the county site of St. Johns county, and from these facts, although no witness stated in direct terms that the crime was committed in St. Johns county, the venue of the crime as being in that county was sufficiently established. Duncan vs. State, 29 Fla. 439, and cases cited.

The verdict of the jury is amply sustained by the law of the case and by the facts in proof, and, finding no error in the record, the judgment below is affirmed.