JAMES L. OLIVER, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. When the record proper shows by minute entry that the grand jury came into open court and returned an indictment for murder against the accused, and there follows in the record an indictment for murder in proper form, signed by the State attorney, endorsed "a true bill," and signed by the foreman of the grand jury, and marked filed in open court by the clerk, sufficient record evidence exists of the finding and presentment in open court of a proper indictment against the accused.

2. The presumption is in favor of the regularity and correctness of the action of the Circuit Court as to matters *in pais*, and, in the absence of sufficient showing to the contrary, this presumption must prevail; and when the record recites in a capital case that upon the return day of a venire a jury of twelve men came, who were duly elected, tried and sworn, giving the form of the oath prescribed by statute, the presumption is, in

the absence of any showing to the contrary, that the jurors were properly selected, or drawn, and summoned into court.

3. The testimony showed that the accused shot the deceased twice with a pistol, and instantly in rapid succession discharged two loads at a son of the deceased standing near him, and again shot the father a third time; it was competent for the son in testifying for the prosecution to state that the accused "shot my father twice and shot me twice." It was all one and the same transaction, and admissible under the rule as being part of the *res gestæ.*

4. On a charge of murder it is not error for the trial judge to refuse to give to the jury, at the instance of the accused, a charge that before they can find him guilty, the evidence must exclude every other supposition but that the defendant was guilty of making a deadly assault upon the deceased with a premedi- tated design and malice aforethought to effect his death. Such a proposition would have entitled the accused to a full acquit- tal, if the evidence did not show the killing to have been done with a premeditated design to effect the death of the deceased, although it might have sustained some lesser degree of crime charged in the indictment. It was proper for the court, on the evidence in the case, to refuse to restrict the issue to such limits.

5. Where instructions containing several propositions of law are requested as a whole, it is not error to refuse to give all if they contain a single erroneous proposition of law.

Writ of Error to the Circuit Court for Wakulla county.

The facts in the case are stated in the opinion.

*Nat. R. Walker* and *R. C. Long*, for Plaintiff in Error.

*W. B. Lamar*, Attorney-General, for the State.

MABRY, C. J.:

The plaintiff in error was indicted at the Fall term, A. D. 1895, of the Circuit Court for Wakulla county

for the murder of H. S. Linton, and upon trial, at the Spring term, 1896, of the court, was convicted of murder in the first degree, with a recommendation of mercy. A motion for new trial was overruled and defendant sentenced to the penitentiary for life.

Errors are assigned on the original record filed here, that the minutes of the trial court do not show that the grand jury returned any indictment into court against plaintiff in error, and that there is no record evidence of a true bill signed by a foreman of the grand jury charging him with the crime of murder. Subsequent to the filing of the record and assignment of errors a diminution of the record was suggested, and in obedience to a certiorari the clerk has certified an additional record in the case. In the complete record as now before the court we find not only an indictment in proper form, signed by the State attorney, endorsed "a true bill," and signed by the foreman of the grand jury, and marked filed in open court by the clerk, but a minute entry that the grand jury came into open court and returned an indictment for murder against the plaintiff in error. The form of the entry is as follows, *viz:* "The grand jury then came into open court and rendered the following indictment, to-wit:

State of Florida ⎫ Murder. A true bill.
     vs. ⎬
James L. Oliver. ⎭ S. Roddenberry, foreman."

Such a record entry followed by a proper indictment, signed and endorsed as directed by the statute, affords sufficient record evidence of the finding and return into open court of an indictment against an accused for a felony. Collins vs. State, 13 Fla. 651; Johnson vs. State, 24 Fla. 162, 4 South. Rep. 535.

It furthermore appears that the accused was arraigned, plead not guilty and went to trial without making any objection at any time in the trial court that there was no record evidence of the presentation of the indictment in open court by the grand jury. Whether the accused can be heard for the first time in this court to make such objections, it is not necessary to say. Frances vs. State, 6 Fla. 306; Gallaher vs. State, Ibid, 685.

It is further assigned as error that the record does not show that a special venire for petit jurors to try the accused was executed pursuant to the order of the court, nor whether the petit jurors who rendered the verdict against him were ever drawn from any list of the regular or special venire. The minute entry found in the transcript is as follows, *viz:* "It appearing to the court that a sufficient number of the jurors, of those drawn and summoned, can not be obtained for the trial of this cause, now, on motion of the State attorney, the defendant being present, the court caused to be drawn from the box, to be summoned, fifty qualified jurors to complete the panel for the trial of said cause, ond directed the clerk to issue a special venire for said jurors, returnable on next Wednesday morning at 8 o'clock." On the return day of the venire the record recites that after the accused was arraigned and plead not guilty, a jury of twelve men came, who were duly elected, tried and sworn to try the issue, and further setting forth the form of the oath required by statute in such cases. No exception was taken in the Circuit Court to the drawing or empanneling of the jury. There is no merit in this objection made here for the first time. The presumption

is in favor of the regularity and correctness of the action of the Circuit Court as to matters *in pais*, and in the absence of any sufficient showing to the contrary this presumption must prevail. In pleas in abatement filed in the trial court setting up defects or irregularities in the drawing and empannelling of juries the greatest strictness and precision in pleading are required. Reeves vs. State, 29 Fla. 527, 10 South. Rep. 901; Woodward vs. State, 33 Fla. 508, 15 South. Rep. 252; Jenkins vs. State, 35 Fla, 737, 18 South. Rep. 182; Shepherd vs. State, 36 Fla. 374, 18 South. Rep. 773. There is nothing in the record before us to overcome the presumption that the jury was properly drawn and empanelled, and we must conclude that everything was regular in this respect.

John Linton, a son of the deceased, was examined by the State, and, as shown by the bill of exceptions, testified as follows: "Oliver accused me of killing his dog. I told him that I did not do it; then he and my father had a few words, and Oliver started towards the back door of the store; when he got to the door he shot my father twice and shot me twice. (Objection by defense, that defendant was not on trial for the shooting of the witness; objection overruled and defense excepts to the ruling of the court)." It is now insisted that the court erred in the ruling stated. All the evidence, without contradiction, shows that when the killing occurred, the accused, the deceased and his son, John Linton, and others, were in one room, and that the accused first shot the deceased twice with a pistol, and instantly discharged two loads at the son, both taking effect, and then shot the father a third time. The shooting was done in rapid succession, and, according to the son's version of the affair, the altercation pre-

ceding it commenced between him and the accused. It was all one and the same transaction, and the testimony was competent. In Killins vs. State, 28 Fla. 313, 9 South. Rep. 711, it was held that in a trial for murder, where the defendant, immediately after slaying the deceased proceeded to shoot at, chase, threaten and endeavor to kill the mother of the deceased who was present and witnessed the killing, such subsequent acts and threats were properly admissible as part of the *res gestæ*, and to show the animus of the defendant. The rule stated in State vs. Lapage, 57 N. H. 245, and approved by Mr. Wharton in his American Criminal Law, is stated to show when a distinct murder or some other felony committed by the accused upon a different person at a different time, and for which the accused was not then being tried, can not be given in evidence against him. The rule stated authorizes the evidence admitted in the present case.

The accused requested the court to give to the jury the following instructions, *viz:* "That before you can find the defendant guilty the evidence must exclude every other supposition but that the defendant was guilty of making a deadly assault upon H. S. Linton with a premeditated design and malice aforethought to effect the death of said Linton." 2. "The legal presumption of innocence in this case as (is) a matter of evidence to the benefit of which the defendant is entitled, and to find the prisoner guilty the proof of his guilt must not only be consistent but inconsistent with any other reasonable conclusion, otherwise you should find him not guilty." The court refused to give the instructions, and the bill of exceptions recites: "to which said opinion and the refusal of the court to give the above charges the said defendant by his attorneys did

then and there except." The first proposition con-
tained in the requested instructions was properly re-
fused. It asserts in effect that the jury could not find
the defendant guilty of any offense unless the evi-
dence showed that he made a deadly assault upon the
accused with a premeditated design and malace afore-
thought to effect his death. On the evidence submitted
the question of a premeditated killing was exclusively
for the jury to determine, and it was not proper for
the court to exclude from them the right to find the
defendant guilty of a lesser offense than that of mur-
der in the first degree. The proposition as requested
would have secured to the defendant the right to a full
acquittal if the evidence did not show the killing to
be with a premeditated design to effect the death of
the deceased, which is the legal definition of murder in
the first degree. It was perfectly proper on the evi-
dence for the court to refuse to restrict the issue to
such limits. The exception taken by the defendant
was to the refusal of the court to give both instruc-
tions, and it is the settled rule in this court that where
instructions containing several propositions of law are
requested, it is not error for the trial judge to refuse
to give the whole if they contain a single erroneous
proposition. Metzger vs. State, 18 Fla. 481; Baker
vs. Chatfield, 23 Fla. 540, 2 South. Rep. 822; Pinson
vs. State, 28 Fla. 735, 9 South. Rep. 706. The ruling
of the court refusing to give the instructions presented
as a whole was not error under the rule stated, and if
defendant desired to raise objections to the refusal to
give particular portions of the instructions he should
have designated the particular parts by exceptions to
the rulings as to them. The court had prior to the
request of the defendant instructed the jury that if

they had any reasonable doubt of the guilt of the accused he was entitled to an acquittal, and also that it devolved upon the State to prove all the material allegations in the indictment, and if, on the whole evidence, the jury had a reasonable doubt as to defendant's guilt of the crime charged against him, they were bound to find him not guilty.

An accused is entitled to the presumption of innocence until it is overcome by testimony beyond a reasonable doubt, and to have the court to so instruct the jury, unless such instruction is covered by one already given. Reeves vs. State, 29 Fla. 527, 10 South. Rep. 901. The failure to properly except to the paragraph contained in the second charge makes it unnecessary to say anything more in reference to it.

What has been said disposes of all the assignments of error made and argued here. Counsel submit without argument the assignment that the verdict is contrary to the evidence and charges of the court, and we will enter into no discussion of them, further than to state that they can not be sustained.

The judgment will be affirmed, and it is so ordered.