WILL McCUNE, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Assignments of error based upon alleged rulings, which rulings do not appear from the transcript of the record, otherwise than by an assertion of the facts in a motion for a new trial overruled, will not be considered by an appellate court.
2. Where the evidence does not expressly locate the crime as having been committed in the county charged in the indictment but there are in the evidence references to various localities and landmarks at or near the scene of the crime known by or probably familiar to the jury, and from which they may have reasonably concluded that the offence was committed in the county alleged, the venue is sufficiently proven.
3. Evidence examined and found sufficient to support the verdict.

Writ of Error to the Criminal Court of Record for Hillsborough County.

The facts in the case are stated in the opinion of the Court.

G. A. Hanson, (with whom were Harris, Peeples & Borchardt on the brief,) for Plaintiff in Error.

The Attorney-General, for Defendant in Error.

CARTER, J.:

Plaintiff in error was tried and convicted at the June term, 1899 of the Criminal Court of Record of

McCune v. State.—Opinion of Court.

Hillsborough county, upon an information charging him with robbery, alleged to have been committed in Hillsborough county on May 18, 1899, and from the sentence imposed sued out this writ of error.

1. The fifth and eighth assignments of error relate to alleged rulings of the court excluding testimony offered by plaintiff in error, and the seventh relates to an alleged ruling of the court permitting an attorney other than the County Solicitor to assist in the prosecution, to examine witnesses and to make the concluding argument to the jury without being sworn as assistant State's counsel. As to these assignments it is sufficient to say that the rulings upon which they are based do not appear from the transcript of the record, otherwise than by an assertion of the facts in the motion for a new trial. There is nothing in the bill of exceptions to show that the testimony mentioned in these assignments was offered and rejected, or that the attorney mentioned was engaged in the prosecution of the case, or that the plaintiff in error took an exception to any ruling during the trial. We can not regard the statement of facts in the motion for a new trial as evidence. Garner v. State, 31 Fla. 170, 12 South. Rep. 638.

II. The other assignments of error are based upon the ruling denying the motion for a new trial, and in support of such assignments it is contended that the venue was not proven, and that the evidence was insufficient to support the verdict. The testimony shows that the offence was commited in Port Tampa City, and various localities and landmarks in Port Tampa City are referred to as being near the place where the offence was committed. The rule in this State regarding proof of venue is declared in Duncan v. State, 29 Fla. 439, 10 South. Rep. 815, to be as follows: Where the

13 A

evidence does not expressly locate the crime as having been committed in the county charged in the indictment, but there are in the evidence references to various localities and landmarks at or near the scene of the crime known by or probably familiar to the jury and from which they may have reasonably concluded that the offence was committed in the county alleged, it is sufficient proof of venue. Andrews v. State, 21 Fla. 598; Leslie v. State, 35 Fla. 184, 17 South. Rep. 559. Under this rule, while there was no positive evidence that the offence was committed in Hillsborough county, or that Port Tampa City is in that county, we think the proof of venue was sufficient. We have given careful consideration to the evidence relating to the charge against plaintiff in error and are unable to say that it is of such a character as to authorize us to reverse the ruling denying the motion for a new trial.

The judgment is affirmed.