G. D. PRESLEY, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1. A written memorandum may be used to refresh the memory of a witness but not as independent evidence.

2. A witness may be asked how a defendant looked when the goods he is charged with having stolen, were taken from a place where they had been concealed and were shown to him.

3. Evidence of previous similar crimes by a defendant which tend to show the criminal conduct and intent of the defendant, bearing on the issue being tried, may be admissible.

4. A refusal of the court to instruct the jury that the testimony of an accomplice "should be received with great caution" is not necessarily harmful error.

5. Any felonious taking or asportation of personal property may be larceny, therefore, the omission of the word "away" from

a charge as to "the felonious taking and carrying of the personal property of another" is not *per se* error.

6. A charge containing the words "when a person is found in the exclusive possession of goods recently stolen or has the goods concealed on his premises," includes the idea that the person knowingly had possession of or concealed the goods.

Writ of error to the Criminal Court of Record for Walton County.

The facts in the case are stated in the opinion of the court.

*S. K. Gillis,* for Plaintiff in Error;

*Park Trammell,* Attorney General, for the State.

WHITFIELD, C. J.—The plaintiff in error having been convicted in the Criminal Court of Record of Walton County on an information in one count charging breaking and entering a warehouse with intent to commit the felony of grand larceny and in another count grand larceny, took writ of error.

The bill of exceptions does not contain all the testimony, but enough appears to show that a written list of the goods missing from the warehouse the morning after the alleged crime was committed was used by a witness to refresh his memory, and that the writing was not introduced as independent evidence in violation of the rule announced in Jenkins v. State, 35 Fla. 737, 18 South. Rep. 182, 48 Am. St. Rep. 267; Jenkins v. State, 31 Fla. 196, text 210, 12 South. Rep. 677.

A witness was asked how the defendant looked when he saw some of the stolen property recovered. This was

not error.   Higginbotham v. State, 42 Fla. 573. 29 South. Rep. 410, 89 Am. St. Rep. 237.   No motion was made to strike the answer that defendant "looked like another party looks who has done wrong," even if the answer was subject to the motion under the rule stated in the case last cited.

A witness who had been jointly informed against with the defendant, testified to a previous similiar crime by the two and the court denied a motion to strike this testimony.   This evidence tended to show the criminal conduct and intent of the defendant bearing on the issue being tried, and there was no abuse of discretion in refusing to strike it.   See Wallace v. State, 41 Fla. 547, 26 South. Rep. 713.

A witness was asked why he searched the defendant's house.   This question was objected to as irrelevant and immaterial.   It does not on the record appear to be subject to the objections made to it, and no motion was made to strike the answer that the witness believed the goods were in the house, if the answer was subject to a motion to strike.

A refusal of the court to instruct the jury that the testimony of an accomplice "should be received with great caution" is not shown to be harmful error, as all the evidence is not here.   See Meyers v. State, 43 Fla. 500, 31 South. Rep. 275.

A charge that to find the defendant guilty, the jury "must find from the evidence beyond a reasonable doubt that the offense was committed in Walton County, Florida, within two years prior to the filing of the information" is not erroneous, since it does not assume the commission of the offense by the accused.

A charge that "the unlawful removing or pushing aside

of anything used to enclose or secure the contents of a building is a breaking" does not appear to be erroneous when all the testimony adduced at the trial is not brought here.

Any feloneous taking or asportation of personal property may be larceny, therefore, the omission of the word "away" from a charge as ot "the feloneous taking and carrying of the personal property of another" is not *per se* error. See Williams v. State, 46 Fla. 80.

A charge containing the words "when a person is found in the exclusive possession of goods recently stolen or has the goods concealed on his premises," includes the idea that the person knowingly had possession of or concealed the goods. See McDonald v. State, 56 Fla. 74.

No other points need be considered.

The judgment is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.