JOHN V. DENTON, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed July 1, 1913.

In a prosecution for the statutory offense of drawing a draft without having sufficient funds to meet it, or reason to believe the draft will be paid, it is error to admit, over appropriate objections, testimony as to the non-payment of drafts subse-

quently drawn by the defendant payable to others besides the complaining witness; and such error will cause a reversal of a judgment of conviction where there is only, slight affirmative evidence that the defendant did not have reason to believe the draft in controversy would be paid.

Writ of error to the Criminal Court of Record of Orange County; T. P. Warlow, Judge.

Judgment reversed.

*J. H. Jones* and *C. B. Robinson,* for Plaintiff in error;

*T. F. West,* Attorney-General, and *C. O. Andrews,* for the State.

WHITFIELD, J.—The plaintiff in error was convicted of the statutory offense of issuing a draft drawn upon a firm in payment for goods without having sufficient money on deposit with such firm to pay the draft, or reason to believe from an existing contract or from previous dealings with the firm that such draft would be paid, and upon non-payment of the draft did not within twenty-four hours after notice of the presentation and non-payment make full and complete restitution by returning the consideration received for such draft, or by paying the amount. Chap. 5486 Acts of 1905.

One of the main issues in a trial of this statutory offense is whether the defendant had "reason to believe from an existing contract or from previous dealings with the firm, that such draft would be paid." See Whitney v. State, 63 Fla. 53, 58 South. Rep. 230.

The court sustained objections to testimony of the complaining witness Hawkins as to the payment of drafts previously drawn by the defendant. This deprived the

defendant of the advantage of such testimony from the complaining witness as bearing on the vital question whether the defendant had reason to believe the draft in controversy would be paid in due course.

The uncontradicted evidence shows that Denton drew drafts upon Denton & Company, which by an arrangement with the firm of Schneider & Company, were taken up by them, the drafts being drawn against a shipment of vegetables consigned to them. The only basis for a criminal liability is evidence of a telegram to the effect that no more drafts would be honored upon the Hawkins crop, and that thereafter the draft, the non-payment of which, is the act charged, was drawn to Hawkins upon a shipment of his crop. Denton testified that drafts to Hawkins were subsequently drawn and paid, and, over objection made, upon cross-examination, admitted that thereafter drafts to Hawkins and to other parties were not paid. This upon the slight affirmative evidence as to criminality shown upon this record constitutes error.

The judgment is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.