PINKEY SLOAN, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion filed Oct. 26, 1915.

1. The State may not impeach its own witness who gives no adverse testimony by reading excerpts from his testimony on a former hearing.

2. Where the question for the jury is the lawfulness of the homicide, the court should not assume in his charge that it was unlawful.

Writ of Error to Circuit Court, Orange County; Jas. W. Perkins, Judge.

Judgment reversed.

*Dickenson & Dickenson* and *Davis & Giles,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

COCKRELL, J.—Sloan was convicted of manslaughter, and takes writ of error.

We find two substantial errors committed on the trial of this case.

The State was permitted over objections to ask its own witness, if on a former hearing he had not testified that Pinkey had it in for the deceased. The witness had testified negatively that he knew of no trouble existing between the accused and the deceased, and the State did not bring itself within the rule, as laid down in Adams

v. State, 34 Fla. 185, 15 South. Rep. 905, for the impeachment of its own witness. The evidence was not admitted for the purpose of refreshing the memory of the witness, conceding the question elicited competent testimony, seeing that all that was adduced was the fact that the witness had on a former trial given certain testimony, and it was not even attempted to prove on this trial the truth or falsity of that testimony. It was neither a predicate for impeachment nor direct evidence, and should not have been admitted.

Other evidence of a similar character was admitted that was also objectionable, but it may well be doubted if it had any material influence upon the verdict.

The homicide was admitted and the sole question for the jury was the question of its lawfulness under the circumstances. The court therefore erred in its thirteenth instruction in the characterization of the homicide as unlawful. The use of the adjective unlawful, may have been an oversight, but such oversights should not occur. This case is readily distinguished from Presley v. State, 63 Fla. 37, 57 South. Rep. 605. There the court characterized the act committed as an "offense," and no error was found; but the question there presented was whether the accused committed the act, and the instruction did not therefore intimate that the court thought the accused guilty of the crime charged.

For these errors the judgment is reversed.

SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.

TAYLOR, C. J., absent on account of illness.