J. A. GAFFORD, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed April 26, 1920.

1. The nature and ownership of the property which is the subject of an alleged intended larceny need not be alleged.

2. The general rule is that evidence of particular acts of misconduct cannot be introduced to impeach the credibility of a witness.

3. Evidence of another and distinct crime committed by a defendant in no way connected by circumstances with the one for which he is being tried is inadmissible.

4. Where prejudicial testimony has no proper bearing on the offense charged and is not a disclosure incidental to proof of the offense charged, a proper motion to strike it duly made should be granted.

A Writ of Error to the Circuit Court for Taylor County; M. F. Horne, Judge.

Judgment reversed.

*W. T. Hendry* and *C. P. Diamond,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *D. Stuart Gillis,* Assistant, for the State.

WHITFIELD, J.—The charge here is that Gafford "did unlawfully break and enter a building of another, to-wit, a crib, the property of one B. F. Lewis, with intent then and there to commit a misdemeanor, to-wit, petit larceny."

While the statute imposes the penalty upon "Whoever breaks, or enters without breaking," etc., the charge is not duplicitous as the words "break and enter" may be regarded as being used disjunctively. See Strobhar v. State, 55 Fla. 167, 47 South. Rep. 4; Jones v. State, 18 Fla. 889; Bradley v. State, 20 Fla. 738; King v. State, 17 Fla. 183.

The nature and ownership of the property which was the subject of the alleged intended larceny need not be alleged. Crosky v. State, 46 Fla. 122, 35 South. Rep. 153;

Jones v. State, *supra;* Charles v. State, 36 Fla. 691, 18 South. Rep. 369.

A witness for the State testified that he knew the general reputation of the defendant for truth and veracity and that he would not believe him on oath. On cross he stated that he had some business transactions with the defendant. On re-direct: "Q. Would your business transactions influence your testimony in any way? A. Yes, some of them would. Thereupon the State, by its attorney, propounded to the witness the following question: 'State to what extent?' To which question the witness gave the following answer: 'There was a check that he forged as I recall it, that was cashed at the bank where I am cashier; that had some influence, and what I have heard folks say about him.' The said answer to the said question the defendant by his attorney did then and there move to strike upon the ground that the said answer and matter is irrelevant and immaterial, improper and prejudicial, and the said Judge did then and there deliver his opinion and overrule the said motion to strike, to which ruling and decision of the Judge the defendant, by his attorney, did then and there except."

The testimony that the defendant had forged a check was improper and harmful and should have been excluded on motion. Reddick v. State, 25 Fla. 112, 5 South. Rep. 704; Golden v. State, 54 Fla. 43, 44 South. Rep. 948; 16 C. J. 582.

The general rule is that evidence of particular acts of misconduct cannot be introduced to impeach the credibility of a witness. Roberson v. State, 40 Fla. 509, 24 South. Rep. 474.

Evidence of another and distinct crime committed by a defendant in no way connected by circumstances with the one for which he is being tried is inadmissible. Roberson v. State, *supra;* 16 C. J. 586; 8 R. C. L. 210.

The prejudicial testimony was not a disclosure incidental to proof of the offense charged. 8 R. C. L. 199. And such testimony has no proper bearing on the offense charged.   Wallace v. State, 41 Fla. 547, 26 South. Rep. 713.

For the error in not striking the prejudicial testimony above stated, the judgment is reversed for a new trial.

BROWNE, C. J., AND TAYLOR AND WEST, J. J., concur.

ELLIS, J., not participating.