D. R. McQUAGGE, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed November 30, 1920.

1. A judgment of conviction will not be reversed even if technical errors have been committed in rulings on questions of the admissibility of evidence or in charges given or refused

or in other matters of procedure where the evidence of guilt is clear and no fundamental rights of the defendant have been violated.

2.  Chapter 7263, Acts of 1917, Laws of Florida, and prior statutes of a similar character have in several cases been assumed by this court to be valid and enforceable and a sufficient basis for a criminal prosecution against persons alleged to have violated the provisions of such statutes.

3.  Even if it should be held that the rule obtains in this State which permits the question of the constitutionality of a statute upon which a criminal prosecution is based to be raised for the first time in the appellate court, it is not so clearly made to appear that the statute which is the basis of the prosecution in this case is in contravention of any designated provision of the Constitution as to warrant a holding that the statute is invalid.

A Writ of Error to the Circuit Court for Jackson County; C. L. Wilson, Judge.

Affirmed.

*Jefferson D. Stephens,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *Worth W. Trammell,* Assistant, for the State.

WEST, J.—The writ of error in this case was taken to a judgment of conviction of defendant upon a charge of issuing a check to another in payment for certain goods and chattels, the title and possession of which were thereupon transferred to him upon the faith of the payment of such check, the said defendant not at the time of issuing and giving said check or the presentation of the same having sufficient money on deposit in the bank on which

it was drawn and to which it was presented to pay the same, nor within twenty-four hours after written notice of the presentation and non-payment of such check making full restitution by returning the goods and chattels received therefor.

There are a number of assignments of error based upon rulings admitting evidence on behalf of the State and refusing to admit certain proffered evidence on behalf of defendant and upon certain instructions given by the court to the jury and the refusal of the court to give certain other instructions requested on behalf of defendant.

To discuss the various questions raised would consume considerable time without any corresponding benefit. Nothing is contained in any of them which may not be determined by the application of well settled principles, and we have been unable to discover in any of the rulings complained of any error which may be regarded as so prejudicial to the defendant's rights as to require a reversal of the judgment.

The rule in this jurisdiction is that a judgment of conviction will not be reversed even if technical errors have been committed in the rulings on questions of the admissibility of evidence or in charges given or refused or in other matters of procedure where the evidence of guilt is clear and no fundamental rights of the defendant were violated. Dixon v. State, 79 Fla. 586, 84 South. Rep. 541; Settles v. State, 75 Fla. 296, 78 South. Rep. 287; Seymour et al v. State, 66 Fla. 133, 63 South. Rep. 7. There is ample evidence in the record to support the verdict of conviction, and the various questions raised upon the rulings of the trial court complained of may be disposed of by an application of this rule adversely to defendant.

It is contended in the brief in behalf of defendant that the statute (Chap. 7263, Acts 1917, Laws of Florida) upon which the prosecution is predicated, is unconstitutional. So far as the record discloses, this question was not directly presented to and passed upon by the trial court, and while not directly considered, this court has in several cases assumed that the statute is valid and enforcible. Wolfe v. State, 76 Fla. 168, 79 South. Rep. 449; Denton v. State, 66 Fla. 87, 62 South. Rep. 914; Whitney v. State, 63 Fla. 53, 58 South. Rep. 230; Ryan v. State, 60 Fla. 25, 53 South. Rep. 448. And even if it should be held that the rule obtains in this State which permits the question of the constitutionality of a statute upon which a criminal prosecution is based to be raised for the first time in the appellate court, it is not so clearly made to appear that the statute which is the basis of the prosecution in this case is in contravention of any designated provision of the Constitution as to warrant a holding that the statute is invalid.

No error having been made to appear, the judgment will be affirmed.

TAYLOR, WHITFIELD AND ELLIS, J. J., concur.

BROWNE, C. J., concurs in result.