BUD BOYETT, *Plaintiff in Error,* v. STATE OF FLORIDA, *Defendant in Error.*

Division A.

Opinion Filed March 28, 1928.

*Purl G. Adams,* Attorney for the Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *H. E. Carter,* Assistant, Attorneys for the Defendant in Error.

BROWN, J.—In this case the plaintiff in error was indicted jointly with one Allen Eiland for breaking and entering a store building. The co-defendant, Eiland, plead guilty and upon the trial the State was permitted, over the plaintiff in error's objection, to prove by Eiland that he and plaintiff in error had committed several other burglaries during a period of several months preceding the crime for which plaintiff in error was being tried. One of these offenses the witness said had been committed in this same store and that a certain hole in a partition between this store and an adjoining office had been made by the plaintiff in error at that time, and a board had subsequently been nailed over it; that it was through this same hole that the witness entered, after removing the board, at the time the offense being tried was committed. This connection, though slight, between these two offenses probably rendered the testimony as to this particular prior offense admissible. It tended to show a knowledge on the part of both defendants, including the one on trial, of an easy means of access from the office into the store. But as to the other offenses testified to by this witness as having been committed by the plaintiff in error and himself, no connection whatever is shown with the particular offense here involved.

The general rule is that, on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent of that for which he is on trial, even though it is a crime of the same sort, is irrelevant and inadmissible. Evidence that a defendant has committed a similar crime, or one equally grave, has a tendency to promote a more

ready belief by the jury that he might have committed the one with which he is charged, thereby predisposing the mind of the juror to believe the prisoner guilty.

While there are several well recognized exceptions to the general rule above mentioned, this case does not appear to fall within the operation of any of them. The general rule should be strictly enforced and should not be departed from in any case unless the particular case comes within one of the recognized exceptions and clearly justifies such a departure. See Nickels v. State, 90 Fla., 659, 106 So. 479, and other cases cited in Fla. Digest, Vol. 1, Page 587; Vol. 4, 198; 16 C. J. 586-592; 9 C. J. 1069.

We do not consider that Wallace v. State, 41 Fla., 547, 26 So. 713; Pittman v. State, 51 Fla. 94, 41 So. 385; Woolridge v. State, 49 Fla. 137, 38 So. 3, are contrary to the views expressed.

The charge of the trial judge, in which he cautioned the jury that the defendant was only being tried for the particular offense alleged in the indictment and that the evidence of the other offenses was only to be considered by them for whatever light they might shed upon the offense for which the defendant was being tried, was not sufficient to render the admission of such testimony harmless error. The admission of testimony of this character, when unauthorized, is generally held to constitute harmful error, and we must so hold here.

Reversed.

ELLIS, C. J., AND STRUM, J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion and judgment.