C. C. HARTMAN v. STATE.

164 So. 354.
Opinion Filed November 27, 1935.

*J. McHenry Jones,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

TERRELL, J.—Plaintiff in error was informed against, tried, and convicted of the crime of embezzlement in the Criminal Court of Record of Escambia County, pursuant to Section 7247, Compiled General Laws of 1927. He was sentenced to serve two years in the state penitentiary and seeks to be relieved of that judgment on writ of error.

The record discloses that plaintiff in error was a stockholder in a company known as the Realty Corporation and that he was the agent of Fisher Rental Agency, Inc., both located in Pensacola. The information charged him with converting to his own use twenty-five hundred dollars of the Fisher Rental Agency, Inc. The evidence shows that he withdrew twenty-five hundred dollars from the Fisher Rental Agency, Inc., and deposited it to the credit of the Realty Corporation.

The first assignment of error is predicated on the discrepancy between the allegata and the probata, the plaintiff in error contending that since the information charges conversion to his own use and the evidence shows at best nothing more than fraudulent disposition he cannot be legally convicted and punished under such charge and proof.

The information does not charge in the alternative but is grounded on conversion to his own use. The evidence shows that the plaintiff in error converted funds of the Fisher Rental Agency, Inc., to the credit of the Realty Corporation of which he was an officer, but this does not necessarily mean or prove that he benefited personally by the conversion and the evidence does not show that he benefited by it.

Section 7247, Compiled General Laws of 1927, under which plaintiff in error was tried and convicted, is as follows:

"If any officer, agent, clerk, servant, or member of any incorporated company, or if any officer, clerk, servant, agent, or member of any co-partnership, society, or voluntary association; or if any clerk, agent, or servant of any person, embezzles or fraudulently disposes of, or converts to his own use, or takes or secretes with intent so to do anything of value which has been entrusted to him, or

has come into his possession, care, custody, or control, by reason of his office, employment, or membership, he shall be punished as if he had been convicted of larceny."

Under the law as thus quoted we would not be warranted in holding the information bad but on account of the variance in the allegata and probata and there being no proof that plaintiff in error profited personally by the conversion we think the cause should be reversed for a new trial. The statute not only punishes conversion to one's own use but it punishes for fraudulent disposition or for secreting with intent to convert to the offender's use. The evidence should support the allegata or in this case should show conclusively that the defendant profited personally by the conversion.

It was also error to permit the introduction of evidence at the trial of this cause to show that the plaintiff in error was short in his accounts with the Realty Corporation. Such evidence was highly prejudicial unless it shows intent or comes within some other well recognized exception to the general rule. Evidence not tending to prove the charge involved but which relates to wholly separate and distinct transactions should not be permitted. Suarez v. State, 95 Fla. 42, 115 So. 519; Boyett v. State, 95 Fla. 597, 116 So. 476.

It was also prejudicial to the defendant to have the jury constantly reminded that the plaintiff in error was short in his accounts and had embezzled many thousands of dollars from the Realty Corporation. We are not entirely satisfied that the instruction of the trial court to disregard such evidence completely removed its evil effect.

For these reasons we are convinced that the ends of justice require a new trial so the judgment below is reversed.

Reversed.

WHITFIELD, C. J., and BROWN, BUFORD and DAVIS, J. J., concur.

DAVIS, J. (concurring).—Involved in the point to be decided in this case is whether the defendant, an official of Fisher Rental Agency, committed a violation of Section 7247 C. G. L., that is, committed statutory embezzlement, when he used his power to draw checks by drawing on Fisher Rental Agency, whose agent he was, and causing it to be deposited to the account of a separate corporation known as the Realty Corporation of Pensacola, in which he, defendant, was a stockholder, but without personally gaining anything thereby. In other words, must statutory embezzlement be predicated upon a showing of *"causa lucri"* or *"animus perordi"* in order to sustain it, or does the larceny rule of Grooves v. State, 82 Fla. 427, 90 So. 473, 26 A. L. R. 382, apply?

As counsel for the plaintiff in error Groover in the case last cited I made insistence that such was the law as to larceny. Since embezzlement is akin to larceny, its common law rule of *"causa lucri"* is not inept, although this Court has rejected it in the Groover case and the Adams case, 78 Fla. 395, 399, 83 So. 271, insofar as larceny is concerned. I concur in the reversal.