SHEP KENNEDY v. STATE.

191 So. 193
Division B
Opinion Filed September 26, 1939

*R. H. Merritt* and *F. Churchill Mellen,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Defendant in Error.

CHAPMAN, J.—Plaintiff in error, Shep Kennedy, and Bessie Helton, were jointly informed against by the County Solicitor of Escambia County, Florida, for having in their possession, custody and control whisky without the immediate container thereof having affixed thereon Florida

excise stamps as required by law. Bessie Helton entered a plea of guilty and plaintiff in error a plea of not guilty. He was placed upon trial, convicted and sentenced to pay a fine of $500.00 and costs or serve ninety days in jail in lieu thereof and one year at hard labor in the State prison.

On writ of error to the judgment of conviction it is contended here that the evidence adduced was insufficient to establish venue. The evidence shows that the officers found a gallon and a half of whisky without stamps at 300 East Fisher Street, and the defendant was at the place when the whisky was found and a conversation was repeated as having ensued between plaintiff in error and one of the witness for the State. The plaintiff in error was requested to go to the Federal Building at Pensacola and later arranged bond. It appears that the jury was justified, from the evidence, in finding that the crime or offense was committed in Escambia County, Florida. See Lowman v. State, 80 Fla. 18, 85 So. 166; Duncan v. State, 29 Fla. 439, 10 So. 815; McCune v. State, 42 Fla. 192, 27 So. 867; Leslie v. State, 35 Fla. 184, 17 So. 559; Smith v. State, 29 Fla. 408, 10 So. 894; Andrews v. State, 21 Fla. 598; Bryan v. State, 19 Fla. 864; Hopkins v. State, 52 Fla. 39, 42 So. 52; 16 C. J. 769.

It is next contended that reversible error occurred when the State of Florida, during the progress of the trial of the cause, over the objection of counsel for defendant, adduced evidence to show that the plaintiff in error had committed an independent crime other than the one for which he was then being tried. The evidence called into question was given by the State's witness Ernest Harper, and others, and it is, viz.:

"Direct examination by Mr. Caro:

"I am Mr. Ernest Harper, deputy sheriff of Escambia

County. I have known Shep Kennedy several years, I don't know exactly. I do know where he lived last December. He lived at Fisher and Hayne. I know he lived there because he was there all of the time. I would see him there mighty near every day. I would see him there at night time too. I have actually seen him in the house, plenty of times. I did see him twenty-five or thirty days before that. I saw him inside. I wouldn't specify any time of day, most any time I would pass there. There isn't hardly a day I don't pass out through there. I did arrest Shep Kennedy from that same place.

"Q. Now, how long before that?

"Mr. Mellen: I object to the testimony of any other arrest.

"Mr. Caro: If the court pleases, I am only asking the question for the purpose of fixing the time.

"The court: Objection overruled.

"My recollection is I went up there somewhere about November of 1937, in November, 1937. I do not know about how many weeks or months it was before he was arrested on this case. My best recollection is that it was sometime in November of 1937. I think this arrest was December 11th, 1937. They were both in the house at the time I was there, Shep Kennedy and Bessie Helton.

"Q. What was there in the house with them at that time?

"Mr. Mellen: Your Honor, I object. It is absolutely immaterial, irrelevant and incompetent. It is just bringing in another case.

"Mr. Caro: Well, it is permissible to show violations of a like nature.

"Mr. Mellen: Mr. Caro is just trying to prejudice the

defendant in the eyes of the jury. It has nothing to do with the case at all.

"The court: Objection overruled. .

"Mr. Mellen: Note an exception.

"Mr. Mitchell was with me on that occasion and Mr. Gandy, Jr., young Hampy. My recollection was we got somewhere around thirty-five or forty gallons of moonshine whisky. He was living there then.

"Mr. Mellen: I have no questions.( Witness excused.)".

H. C. Mitchell was called by the State and testified, viz.:

"Direct examination by Mr. Caro:

"I was at Shep Kennedy's house at a time prior to the time I was at his house in this case with Mr. Anderson. I was there on an occasion sometime in November with Mr. Ernest Harper. Shep Kennedy was there. I did make a memorandum fixing the time—I can recognize that as a memorandum I made. (Hands witness memorandum.) Mr. Harper and I were there November 16th, 1937. At that time we found there thirty gallons of moonshine liquor."

Cross examination of the defendant's witness, Bessie Helton, in part is, viz.:

"* * * I heard he stayed at his brother's but I couldn't swear that. He has been to my house at night time frequently. He has been to my house in the day time frequently. I do remember the time Mr. Harper and Mr. Mitchell came there and got thirty-five gallons of liquor.

"Q. Was he there then?

"Mr. Mellen: I object to that on the ground it is immaterial, irrelevant and incompetent.

"The court: Objection overruled.

"Mr. Mellen: Note an exception.

"He was there then. He was fixing to take out a load

of wood and I asked him would he go tell my brother to come and get me a bond and he said 'Yes' and he said he went down there and my brother wasn't home. He did not pay any part of my fine for the possession of that thirty-five gallons of liquor. They turned me a-loose down there and convicted me on the selling. When they fined me down here Shep Kennedy did not pay any part of that fine. I think my sister paid it. I don't know who paid it.

"Q. Isn't it true when they caught thirty-five gallons of liquor there—

"Mr. Mellen: Now, your Honor, Mr. Caro is trying another case. This has no relation whatsoever to this case.

"The court: Any violation of the law of a like nature prior to the time that this offense here is charged is admissible in evidence.

"A. It is not true that on that thirty-five gallons of whisky that I come down here and pled guilty to it to hold the bag for Shep Kennedy when I knew it was his whisky. It is not true that I pled guilty in this case to try and take the responsibility off of his shoulders because I thought I was a woman and I would get out light. I told them at first when they took me up in the Government Building it was my liquor. Shep Kennedy did not know the liquor was there. I don't know if he knew the bottles were there. He was not there every time I gave this liquor to my friends. He was there sometime, probably he drank out of it, I don't remember. I don't know, if he knew this thirty-five gallons of whisky was there. He was not there, he was out in front talking to Mr. Cunningham. He never has lived at my house. He come there all of the time but he never has lived there. He never has lived there. He has not slept there a single time during November and December of 1937 * * *."

Evidence that the defendant has committed a similar

crime, or one equally heinous, will frequently prompt a more ready belief by the trial jury that he might have committed the one with which he is charged, thereby predisposing the minds of the jury to believe the prisoner guilty. Generally, it is harmful to admit evidence of other or collateral crimes independent of and unconnected with the crime for which the defendant is on trial. See Gafford v. State, 79 Fla. 581, 84 So. 602; Varnum v. State, 137 Fla. 438, 188 So. 346; Hartman v. State, 121 Fla. 627, 164 So. 354; Gunnels v. State, 96 Fla. 659, 118 So. 919; Boyett v. State, 95 Fla. 597, 116 So. 476; Gafford v. State, 66 Fla. 87, 62 So. 914; Denton v. State, 66 Fla. 87, 62 So. 914; Suarez v. State, 95 Fla. 42, 115 So. 519; Landford v. State, 33 Fla. 233, 14 So. 815; Roberson v. State, 40 Fla. 509, 24 So. 474; Nickels v. State, 90 Fla. 659, 106 So. 479; Presley v. State, 63 Fla. 37, 57 So. 605; Pittman v. State, 51 Fla. 94, 41 So. 385; 16 C. J. 586, *et seq.;* 8 R. C. L. 206.

The record shows that the witness Bessie Helton, after entering a plea of guilty to the information, upon arraignment took the stand as a witness for the defendant. She admitted her guilt of the possession of liquor without excise tax affixed. and exonerated Shep Kennedy from all culpability in connection therewith. It was the State's theory that Bessie Helton and Shep Kennedy were guilty of possessing the liquor without stamps. Bessie Helton's husband died about one year before the trial and she was living at 300 East Fisher Street in the City of Pensacola and was operating a wood yard, where Shep Kennedy was employed.

It was the defendant's contention that he was an employee only of Bessie Helton and did not own an interest in the whisky, but the State adduced evidence to show that he owned an interest in the whisky and with Bessie Helton handled whisky from here house and spent most of the time

at her home at 300 East Fisher Street. Several witnesses for the State testified to having seen him around the home of Bessie Helton on many occasions and recalled on a former search of this place thirty-five gallons of whisky was found and that Shep Kennedy was present on this occasion. It cannot be overlooked that the challenged testimony is relevant and material and supports the case of the State to the effect that Shep Kennedy was part owner of the whisky with Bessie Helton. The continuous presence of Kennedy about the Helton home where whisky was unlawfully sold is, to say the least, inconsistent with his innocence.

The general rule, *supra,* has several distinct exceptions, well supported by precedent, among which is that such evidence is admissible when it is relevant as part of the *res gestae,* or tends to establish the identity of the person committing the crime laid in the indictment, or where it is impossible to give a complete or intelligent account of the crime charged without referring to the other crime. We think the evidence assigned as error for reversal in this case falls within the exception. See Killins v. State, 28 Fla. 313, 9 So. 711; Oliver v. State, 38 Fla. 46, 20 So. 803.

It is next contended that the evidence is insufficient to support a judgment of conviction. We agree fully with counsel for plaintiff in error that the burden of proof is on the State to prove each material allegation of the indictment beyond a reasonable doubt and that the presumption of innocence follows the accused at each step of the case until the jury, from the evidence, concludes that the defendant is guilty.

We have carefully considered all the evidence and the charge of the court upon the law of the case, and the guilt or innocence of plaintiff in error was a question of fact to be decided by a jury. We think there is ample testimony

132

in the record to support the findings of the jury. We fail to find error in this record.

The judgment appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.