GEORGE WEST v. STATE.

191 So. 771
Division B
Opinion Filed November 3, 1939

*Coe & McLane,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Defendant in Error.

CHAPMAN, J.—On May 16, 1939, George West, plaintiff in error, was informed against by the County Solicitor of Escambia County, Florida. The first count charged that he committed the substantive felony of accessory before the fact to the offense of bigamy on December 4, 1937, with Arnita Futral, who had a lawful husband, Joseph Stauts, living, and on said date married her in Santa Rosa County, Florida, and continued to cohabit with her after the date of said marriage in Escambia County for a period of two

years prior to the filing of the information; that he knowingly, wilfully, assisted, procured, counseled and aided the said Arnita Futral to commit said felony.

The second count charged that plaintiff in error George West, and Arnita Futral lived and cohabited together in an open state of adultery in Escambia County, Florida, the said Arnita Futral then and there having a living husband, and so lived continuously two years prior to May 16, 1939. The information, *supra,* is drafted under Section 7559 C. G. L., and Section 7110 C. G. L.

The defendants were arraigned, when Arnita Futral entered pleas of guilty and George West, plaintiff in error, plead not guilty to each count of the information. He was placed upon trial and convicted on both counts and sentenced to serve five years under the first count and two years under the second count. He sued out writ of error from the judgment and the cause is here for review.

It is contended that the first count of the information is fatally defective because it failed to charge that the defendant (plaintiff in error) knew that Arnita Futral on December 4, 1937, the date of the alleged marriage, had a living husband, and thereafter unlawfully cohabited with her in Escambia County, Florida. The question for decision is whether or not it is necessary in charging one as an accessory before the fact to a bigamous marriage, or procuring the offense to be committed, to charge that he *knew* the other person was married and had a living husband.

Section 7559 C. G. L., provides: "Whoever, having a former husband or wife living, marries another person, or continues to cohabit with such second husband or wife in this State, shall (except in cases mentioned in the following section) be punished by imprisonment in the State prison

not exceeding five years, or in the county jail not exceeding one year, or by fine not exceeding five hundred dollars."

It will be observed that the statute, *supra,* makes it unlawful for a person having a former husband or wife living, to marry or continue to cohabit with such second husband or wife in the State of Florida, except those persons named or pointed out in Section 7560 C. G. L. It appears that the statute requires of persons about to marry to know and not take a chance on marrying or cohabiting with a person having a living husband or wife. The statute contains no exception other than that provided by Section 7560 C. G. L., and the lack of knowledge of a marriage or a living husband or wife, or the good faith or honest intention cannot be by this Court read into the statute. We find no merit to this assignment. See Ellison v. State, 100 Fla. 736, 129 So. 887; State v. Hendrickson, 67 Utah 15, 245 Pac. 375; 57 A. L. R. 786, and annotations on page 792.

The State, over the objection of the defendant, adduced evidence, viz.:

"DIRECT EXAMINATION BY MR. CARO:

"I am Louise Hurley; I know Arnita Futral; she is my niece and we were raised together. I live in Mobile and I recall Arnita Futral being in Mobile right after Christmas, I think.

"Q. She had a couple of black eyes when she got to Mobile?

"A. Yes, sir, she did.

"Mr. Coe: I object on the ground it is immaterial, irrelevant and incompetent, simply introduced for the purpose of prejudicing the jury.

"The court: I don't think that would be proper evidence unless you followed it up with some other evidence that

would be material but I don't at this time see the relevancy of that and it will be stricken.

"She stayed with me in Mobile for quite a while and living at home since the end of 1936, but I don't remember the exact time when she came back here, and she had been living here a little less than a year when she and George West married, and her former husband has been back here about two or three months. * * *

"Q. She had a couple of black eyes when she got to Mobile?

"A. Yes, sir, she did.

"Mr. Coe: I object on the ground it is immaterial, irrelevant and incompetent, simply introduced for the purpose of prejudicing the jury.

"The court: I don't think that would be proper evidence unless you followed it up with some other evidence that would be material but I don't at this time see the relevancy of that and it will be stricken.

"She stayed with me in Mobile for quite a while and Mr. West came after her and I saw him when he was over there. When Mr. West came over there he asked for forty-five dollars and she did not have it.

"Q. All right, just tell what happened.

"A. And he asked her, he said, 'Nita, would you give it to me?' and she said 'No I haven't got thirty-five dollars' and he hit her and when he hit her why we had a fight.

"Mr. Coe: One moment, please. May it please the court, I object to that on the ground it is an effort to prejudice the jury by the introduction of prejudicial matter and I move the court for a mistrial."

The evidence adduced on the part of the State on cross examination of the defendant's witness, Arnita Futral, over the objection of counsel for defendant, was viz.:

"Q. Are you in fear of George West?

"Mr. Coe: One minute, may it please the court, that is immaterial, irrelevant and incompetent and not in cross.

"Mr. Caro: It goes to her credit, may it please the court. It is very material to show why she was testifying in his behalf.

"The court: I will permit that question.

"I remember seeing Mr. Hairelson down there at Harvel's place, and I spoke to him but do not remember having any conversation with him at all. I am not afraid of George West in any way.

"Q. About in 1937 down there at Harvel's did you walk up to Mr. Hairelson who was a police officer and tell him this—did you walk up to Mr. Hairelson and catch him by the arm and say 'Don't let him get me, don't let him get me, he is going to kill me' and Mr. Hairelson asked 'Who?' and you said 'George West'?

"Mr. Coe: We object to that on the ground it is immaterial, irrelevant and incompetent and not in cross and simply interposed for the purpose of prejudicing this defendant before the jury.

"Mr. Caro: If the court please, I think it goes to the jury to show what has happened.

"The court: Well, in view of the testimony that was given here that he followed her so persistently it might go to show that he was the aggressor and he had her in fear would be the reason why she finally submitted to be married. I think that would be proper."

Likewise the following:

"Mr. Caro: If the court please, we offer the paper in evidence.

"Mr. Coe: We object to it on the ground it is immaterial, irrelevant and incompetent and not in cross, and introduced

for the sole purpose of attempting to prejudice this defendant by introducing a wholly separate and distinct transaction.

"The court: It is admitted, and will be marked State's Exhibit '2.'

"Mr. Coe: Your Honor will note our exception.

"Thereupon the County Solicitor read State's Exhibit '2' to the jury, being in words and figures following, to-wit:

"STATE OF FLORIDA,     1221 W. Belmont
SECOND DISTRICT,     COURT OF JUSTICE OF THE PEACE
ESCAMBIA COUNTY     Will L. Johnson, Judge.

"AFFIDAVIT FOR PEACE WARRANT.

"Before the subscriber, a justice of the peace in and for said county, personally came Orneda West, who being duly sworn says that Geo. West did on the 30th day of April, A. D. 1938, in the county and district aforesaid, did then and there beat, bruise and ill-treat the said Orneda West and did threaten to kill the said Orneda West. and this deponent says (he) (she) has reason to fear, and does fear that the said Geo. West will commit the offense so threatened and (he) (she) prays that said Geo. West may be required to find sureties to keep the peace, and this deponent further says that (he) (she) does not require surety of the peace against said defendant out of malice or for mere vexation, but for cause aforesaid.

"(sgd)    MRS. ORNEDA WEST

"Sworn to and subscribed before me this 5th day of May, A. D. 1938.

"(sgd)    R. L. KENDRICK
Justice of the Peace,
2d District,
Escambia County."

Endorsed on the back thereof in words and figures following, to-wit:

"State of Florida, Escambia County, Second District. Geo. West. Affidavit Peace Warrant. Filed May 19, 1939, J. L. Mayo, Clerk Court of Record. Filed 5/5/1938. Will L. Johnson, Justice of the Peace.

"Mr. Coe: Now, if the court please, we move to strike it on the ground it is immaterial, irrelevant and incompetent and introduced for the purpose of prejudicing the defendant by the introduction of a separate and distinct transaction.

"The court: I think it is admissible under the first count of the information.

"Mr. Coe: Now, the defendant moves the court for a mistrial in this case on the ground of the introduction of this and prior inadmissible evidence that has heretofore been objected to.

"The court: Well, state what you mean by this here. You mean the admission of this?

"Mr. Coe: Yes.

"Whereupon said motion was denied and the defendant then and there excepted and said exception was duly noted."

Plaintiff in error was on trial for the offenses charged in each count of the information. The evidence, *supra,* adduced over the objection of counsel for defendant below tended to show that the defendant had committed a separate and independent crime or misdemeanor and for which he was not at the time being tried. The fact that the defendant and his alleged wife had had personal encounters or difficulties, although vehemently denied by each of them, is certainly not material to the issues tendered by the two counts of the information. This testimony and exhibit were seasonably and promptly objected to by counsel and his said objections should have been sustained by the trial court.

The general rule is that in a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused had committed another crime wholly independent of that for which he was on trial, even though it is a crime of the same sort, is irrelevant and inadmissible. See Coston v. State, 139 Fla. 250, 190 So. 520; Varnum v. State, 137 Fla. 438, 188 So. 346; Hartman v. State, 121 Fla. 627, 164 So. 354; Gunnells v. State, 96 Fla. 659, 118 So. 919; Boyett v. State, 95 Fla. 597, 116 So. 476; Gafford v. State, 66 Fla. 87, 62 So. 914; Gafford v. State, 79 Fla. 581, 84 So. 602; Denton v. State, 66 Fla. 87, 62 So. 914; Suarez v. State, 95 Fla. 42, 115 So. 519; Langford v. State, 33 Fla. 233, 14 So. 815; Roberson v. State, 40 Fla. 509, 24 So. 474; Nickels v. State, 90 Fla. 659, 106 So. 479; Presley v. State, 63 Fla. 37, 57 So. 605; Pittman v. State, 51 Fla. 94, 41 So. 385; 10 C. J. 586, *et seq.;* 8 R. C. L. 206.

Because of the errors appearing on the record in this case the judgment appealed from is reversed and a new trial awarded.

WHITFIELD, P. J., concurs.

BROWN, J., concurs specially.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

BROWN, J.—I am of the opinion that the motion to quash the first count should have been granted because said count failed to allege that defendant knew that Anita Futral was married and had a husband living. Otherwise I concur.