PER CURIAM.
From the evidence the jury was justified in returning verdicts of guilty, finding the defendant guilty of attempted robbery with a firearm when he attempted to relieve a truckdriver of his money at gunpoint, robbery of a police officer by the taking of his firearm at gunpoint, and aggravated assault with a firearm by shooting at a bystander. Brown v. State, 397 So.2d 1153 (Fla. 5th DCA 1981); Parker v. State, 389 So.2d 336 (Fla. 4th DCA 1980); McClain v. State, 383 So.2d 1146 (Fla. 4th DCA 1980); Solloa v. State, 227 So.2d 217 (Fla. 3d DCA 1969); Bailey v. State, 199 So.2d 726 (Fla. 1st DCA 1967).
The defendant was adjudicated guilty and sentenced to 15 years on the attempted robbery, life on the robbery and 5 years on the aggravated assault, the sentences to run consecutively. Each of the sentences, because a firearm was involved, pursuant to Section 775.087(2), Florida Statutes (1981) calls for a minimum mandatory 3 year sentence. The Supreme Court of Florida has held that in circumstances such as involved in the case at bar, the minimum mandatory sentences cannot be made to run consecutively, but must run concurrently. Palmer v. State, 438 So.2d 1 (Fla.1983). Therefore we affirm the verdicts, the adjudications thereon and the sentences, except that we do hereby modify the sentences as related to the minimum mandatory portions to run concurrently rather than consecutively.
Affirmed as modified.