PER CURIAM.
The defendant James Allen Dasher appeals his judgments of conviction and sentences for armed burglary, sexual battery, armed robbery and possession of a firearm during the commission of a felony. He urges three points on appeal calling for reversal and a new trial based on (1) the sustaining of an objection to a defendant’s question to a witness at trial, (2) the admission of certain evidence relating to the death of a dog in the burglary victim’s yard and (3) certain allegedly improper arguments of the prosecuting attorney to the jury. We find no error in any of these points sufficient to upset the convictions herein based on the following briefly-stated legal analysis.
First, it was within the discretion of the trial court to sustain the state’s objection to the defendant’s question herein, and, in any event, the error, if any, was harmless. See Cruce v. State, 87 Fla. 406, 100 So. 264 (1924) (syllabus by court, 6); § 924.33, Fla.Stat. (1983); see generally 24 Fla.Jur.2d Evidence and Witnesses § 551 (1981) and cases collected. Second, the evidence as to the dog’s death was admissible to prove.the facts and circumstances surrounding the burglary in this case. See Smith v. State, 424 So.2d 726, 731 (Fla. 1982), cert. denied, 462 U.S. 1145, 103 S.Ct. 3129, 77 L.Ed.2d 1379 (1983); Kennedy v. State, 140 Fla. 124, 131, 191 So. 193, 196 (1939); Jackson v. State, 403 So.2d 1063, 1066 (Fla. 4th DCA 1981), pet. for review denied, 412 So.2d 466 (Fla.1982); Horner v. State, 149 So.2d 863, 865 (Fla. 3d DCA 1963). Third, the prosecutor’s argument, assuming it to be objectionable, was not of such a character as to deprive the defendant of a fair trial and thus call for a reversal in this case. See Blair v. State, 406 So.2d 1103, 1107 (Fla.1981); Tacoronte v. State, 419 So.2d 789, 792-93 (Fla. 3d DCA 1982); Oliva v. State, 346 So.2d 1066, 1068-69 (Fla. 3d DCA), cert. dismissed, 348 So.2d 951 (Fla.1977), cert. denied, 434 U.S. 1010, 98 S.Ct. 719, 54 L.Ed.2d 752 (1978).
The final point on appeal relates solely to the sentence imposed. The trial court sentenced the defendant Dasher to: (1) life imprisonment, with a three-year minimum mandatory prison term, on the armed burglary count, (2) life imprisonment, with a three-year minimum mandatory prison term, on the sexual battery count and (3) life imprisonment, with a three-year minimum mandatory prison term, on the armed robbery count, all sentences to run consecutively. A suspended sentence was also entered on the possession of a firearm count. The defendant contends, and the state agrees, that since the armed burglary, sexual battery and armed robbery occurred during the same criminal episode against the same victim, the imposition of consecutive three-year minimum mandatory prison terms was error. We agree with the defendant on this point only. Palmer v. State, 438 So.2d 1 (Fla.1983); Warren v. State, 450 So.2d 891 (Fla. 3d DCA 1984); Hernandez v. State, 446 So.2d 235 (Fla. 3d DCA 1984).
The final judgments of conviction under review are affirmed. The sentences under review are affirmed except for the consecutive three-year minimum mandatory sen *1056 tences imposed thereon; as to the latter, the cause is remanded to the trial court with directions to order the three three-year minimum mandatory sentences to run concurrently.
Affirmed in part; reversed in part and remanded.