STATE OF MAINE *vs.* GEORGE L. LORING.

Cumberland.    Opinion October 27, 1923.

*In determining the venue well known names and localities may be sufficient to fix the exact location of a seizure, and the arrest of a respondent, charged with unlawful possession of intoxicating liquors.   The court and jury may take judicial notice of such facts.   An excepting party must show that he is prejudiced by the ruling excepted to.*

In the instant case the sheriff and three other officers in their examination in chief stated where they resided, and the offices they held in the county of Cumberland; one particularly described himself as a member of the liquor squad residing in Portland. It appeared that the respondent was arrested at his home in Portland. The pursuit of the respondent was in the vicinity of Longfellow Street and Deering Avenue. Forest Avenue is mentioned by a witness as being used in passing in the search. Another unnamed street is mentioned which was distant a thousand feet toward Union Station, and the time was said to be eleven o'clock, p. m., Portland time.

The foregoing names and localities are so well known by people in and out of the State, that there is and can be no uncertainty as to the exact location of the place of seizure, and arrest of the respondent. Of this the court and jury could, and no doubt did, take judicial notice. Jurors are not to be presumed ignorant of what everybody else knows. And they are allowed to act upon matters within their general knowledge, without any testimony on those matters.

In this case the respondent has not shown that he was prejudiced by the ruling complained of, as he is required by law to do.

On exceptions. On complaint for unlawful possession of intoxicating liquors the respondent was tried before a jury and the presiding Justice refused to grant a motion for a directed verdict for the respondent, and exceptions were taken.

Counsel for the respondent contended that the testimony did not sustain the venue; that is, that the evidence did not show that the unlawful possession took place within the limits of Cumberland County. Exceptions overruled. Judgment on the verdict.

The case is stated in the opinion.

*Clement F. Robinson, County Attorney and Ralph M. Ingalls, Assistant County Attorney,* for the State.

*William A. Connellan and Harry H. Cannell,* for respondent.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

HANSON, J. · This case is before the court on respondent's exception to the refusal of the presiding Justice to instruct the jury to return a verdict of "not guilty" at the close of the evidence in the trial of a complaint against a respondent for the unlawful possession of intoxicating liquors. ·

The motion for a directed verdict was based, as it now appears, upon the ground that there was no evidence to warrant the jury in finding that the offense was committed in the county of Cumberland. No reason was stated at the trial, and court and counsel for the State were not informed of any special technical reason underlying the motion.   King F. Graham, Sheriff of Cumberland County, was called by the State and was asked, "Q.   Now you had occasion to go out in the Woodfords region on the evening of June 29th?"   He answered in the affirmative.   Defendant's counsel contends that his exception should be sustained, because the testimony in the case would not warrant the jury in finding from facts proven that this offense was committed in any particular town or city in the county of Cumberland, and urges that in a criminal case the record should show that the offense was committed in the county charged in the indictment, citing *State* v. *Jackson*, 39 Maine, 291.

Counsel further contends that "we are not confronted with the law as to judicial notice.   If we were, this would be a matter for the court and not for the jury."·

Sheriff Graham and the three other officers in their examinations in chief stated where they resided, and the offices they held in the county of Cumberland; one particularly described himself as a member of the liquor squad residing in Portland.   It appeared that the respondent was arrested at his home in Portland.   The pursuit of the respondent was in the vicinity of Longfellow Street and Deering Avenue.   Forest Avenue is mentioned by a witness as being used in passing in the search.   Another unnamed street is mentioned, which was distant a thousand feet toward Union Station, and the time was said to be eleven o'clock, p. m., Portland time.

The foregoing names and localities are so well known by people in and out of the State, that there is and can be no uncertainty as to the exact location of the place of seizure, and arrest of the respondent.

Of this the court and jury could, and no doubt did, take judicial notice. *State* v. *Thompson*, 85 Maine, 189; *Commonwealth* v. *Ackland*, 107 Mass., 211; *McCune* v. *State*, 42 Fla., 192; 89 A. S. R., 225. "Jurors are not to be presumed ignorant of what everybody else knows. And they are allowed to act upon matters within their general knowledge, without any testimony on those matters." *State* v. *Clancy*, 121 Maine, 83.

At the trial the defense was technical, even to the extent of withholding from the court the reason underlying the motion for a directed verdict. No question was asked the officers by respondent's counsel in cross-examination directed to a more definite description of the place of seizure. Every question was directed by respondent's counsel to an attempt to break down the State's testimony that the liquor seized was intoxicating liquor. That subject was a question for the jury and has been settled by the jury without objection by the respondent. The contentions of the respondent here are also purely technical, and counsel frankly admits it, and says that duty to his client urges him on. The spirit is commendable, but the object lacks the legal support required in a successful technical defense. In the instant case the respondent has not shown that he was prejudiced by the ruling complained of, as he is required by law to do. *State* v. *Dow*, 122 Maine, 448.

*Exceptions overruled.*
*Judgment on the verdict.*