53 So.2d 106 (1951)
PADGETT
v.
STATE.
No. 21636.
Supreme Court of Florida, en Banc.
June 12, 1951.
*107 Atkinson & Atkinson and Parker & Parker, and J. Lewis Hall, all of Tallahassee, for appellant.
Richard W. Ervin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for appellee.
VICTOR O. WEHLE, Associate Justice.
Appellant was tried on an information in two counts, one for the crime of breaking and entering the Robbins store building in Tallahassee, Florida, on February 14, 1949, and the other for being personally present and aiding, abetting, encouraging, and commanding one Dave Walden to commit the aforesaid crime. He was convicted on the second count.
Numerous assignments of error were filed, the important ones of which may be summarized as follows: first, the alleged improper admission of evidence regarding the defendant's alleged participation in two other burglaries, one committed in Tallahassee on the same night as the Robbins crime and the other in an adjoining county some days later (for both of which other burglaries the defendant had been indicted but had not yet been tried); second, the alleged improper admission in evidence of testimony implicating the defendant in the theft of an automobile, or the concealment of it for the purpose of defrauding an insurance company; third, the alleged admission in testimony of a phonographic recording of an interview held in the State Prison between defendant's counsel and Walden, the principal witness for the State and the confessed principal in all three burglaries.
The general rule is that evidence of the commission by the defendant of another crime wholly independent of that for which he is on trial, even though it is a crime of the same sort, is not admissible. See Boyett v. State, 95 Fla. 597, 116 So. 476. There are many exceptions to this rule and appellee claims that some of the exceptions apply in this case. With this we do not agree.
In all cases where testimony of other crimes has been admitted there has been at least some evidence to connect the defendant with the crime in question, and evidence of other crimes was admitted for the purpose of identifying the defendant; or of proving the plan, intent, or knowledge of the defendant; or to show that the acts charged against him were not the result of accident, mistake, or inadvertence. See Nickels v. State, 90 Fla. 659, 106 So. 479, 488; Wallace v. State, 41 Fla. 547, 26 So. 713; Bronson v. State, 117 Fla. 828, 158 So. 435; Wilson v. State, 134 Fla. 199, 183 So. 748; and Talley v. State, 160 Fla. 593, 36 So.2d 201.
*108 In the instant case there is not an iota of testimony except Walden's to connect the defendant with the crime for which he is charged. Walden claimed that the defendant had helped him to select the places to be burglarized, had gone with him in advance of the burglaries to each of the locations to look over the lay of the land, and had been his get-away man in each instance. Had there been any evidence of defendant's doing any of these three acts in the Robbins case, testimony regarding the other two burglaries might have been admissible to show his intention in the Robbins case, see State v. Valwell, 66 Vt. 558, 29 A. 1018, but there was no such evidence. The nearest approach to such evidence was the proof that the week before the Robbins burglary the defendant, while passing the Robbins store on his way to an automobile supply store to buy an automobile jack, was stopped by the wife of the proprietor of the Robbins store and, on her solicitation, was prevailed upon to enter the Robbins store to buy the jack there rather than from the supply house to which defendant was going. The defendant had been a customer of the Robbins store for many years, and his act in entering the store on this occasion at the solicitation of the proprietor's wife cannot be held to have had the slightest connection with the later breaking and entering.
The trial judge apparently admitted the testimony regarding these other crimes on the theory that they showed a general plan, which is one of the recognized exceptions to the rule forbidding admission of such testimony. There are literally thousands of cases in this country discussing the admission of such evidence. See the elaborate notes in 62 L.R.A. 193; 26 L.R.A. New Series 466; 43 L.R.A. New Series 667; 46 L.R.A. New Series 266; 48 L.R.A. New Series 236; L.R.A. 1915A, 138 and 809; L.R.A. 1915B, 103; L.R.A. 1917D, 388; 3 A.L.R. 1540; 22 A.L.R. 1016; 27 A.L.R. 358; 63 A.L.R. 602; and 105 A.L.R. 1288. We find none which admitted such evidence when there was such an utter failure to connect the defendant with the charged crime.
As closely as any case has approached such admission is People v. Mead, 50 Mich. 228, 15 N.W. 95, 96, where several burglaries were committed on the same night in an isolated farming settlement. It was held that the evidence of the other crimes was admissible on the theory that the several burglaries all were substantially one transaction and whatever tended to show participation in one was evidence of participation in all. The burglaries were plainly committed by an outside group that had come to the farming settlement and ransacked every house on the same night, and the question of general plan could well be a jury matter. Even here, however, the defendant was actually identified as the man who committed the burglary charged.
In the instant case at least one of the burglaries was committed in a different county and a week or so later, and even in the one committed in Tallahassee on the same night there was no such similarity of method or manner of accomplishment as to justify the admission of testimony regarding it.
In Hill v. State, 44 Tex.Cr.R. 603, 73 S.W. 9, such evidence was held inadmissible, although the facts were much stronger against the defendant than in the instant case. The Texas court held it was error to let an accomplice (who testified to the defendant's participation in the charged crime; i.e., the burglary of a saloon) testify that he and the defendant had on the same night burglarized another saloon only fifty yards away, in each case by breaking a window and entering through the broken window.
The admission of testimony regarding the defendant's alleged actions in assisting in the concealment or disposal of the automobile, in which Walden had come to Tallahasse after escaping from a Georgia prison, was also improper for the reasons above stated, and for the additional reason that the automobile incident had no features similar to the burglary. It involved an entirely separate, distinct, and different type of crime, and could not possibly have been considered to be a part of the general scheme or plan to commit the burglaries to which Walden testified.
The admission of the sound recording made at Raiford of an interview *109 between defense counsel and Walden raises a number of interesting questions. Defense counsel had taken the stand as a witness and on cross-examination by the State attorney was asked to produce the recording. He declined to do so except under compulsion and a subpoena duces tecum was issued on behalf of the prosecution, and the State attorney promptly offered the recording in evidence during his cross-examination of defense counsel. It was not a proper part of the cross-examination. Ordinarily it is improper to permit the introduction of exhibits during cross-examination. See Irish v. Smith, 8 Serg. & R., Pa., 573, 11 Am.Dec. 648, 652; and Yazoo & M.V.R. Co. v. Grant, 86 Miss. 565, 38 So. 502, 504. Although the trial court has some discretionary powers in admitting such exhibits out of the regular order, such discretion should be rarely exercised and then only when special circumstances render it desirable, and such practice should not be encouraged. See Hildebrand v. United Artisans, 50 Or. 159, 91 P. 542, 544; Wills v. Russell, 100 U.S. 621, 25 L.Ed. 607, 608. Even if it had been offered in proper order as rebuttal testimony for impeaching the testimony of defense counsel it would have been inadmissible as defense counsel had not testified regarding the recording. At best, some portions of it might have been admissible in rebuttal to show that Walden had previously made statements corroborative of his story on the stand where it is claimed by the defendant that such story is a recent fabrication. See this court's opinion in Van Gallon v. State, Fla., 50 So.2d 882. Certainly the entire recording which covered many extraneous matters was not admissible.
It is further contended by appellant that the trial court erred in refusing to grant defendant's written request to charge the jury "that the testimony of such accomplice (Walden) is not regarded with favor and you should closely scrutinize said accomplice's evidence and receive same with caution". The trial judge was of the opinion that the duty to "receive same with caution" is that of the trial judge in admitting the testimony and not of the jury in considering it, and he was further of the opinion that he had sufficiently covered the point by charging "that the testimony of an accomplice in the commission of a crime should be carefully and closely scrutinized before a conviction is made upon such testimony". The difference between the requested charge and the one actually given is the omission in the latter of the phrase "and receive same with caution". The charge as requested has often been approved by this Court; see Henderson v. State, 135 Fla. 548, 185 So. 625, 628, 120 A.L.R. 742; and the even stronger charge "and receive same with great caution" has been required in Varnum v. State, 137 Fla. 438, 188 So. 346, 351; and Vaughn v. State, 147 Fla. 12, 2 So.2d 122.
We believe the duty to receive such evidence with caution devolves upon the jury as well as upon the presiding judge.
We are further of the opinion that the trial court erred in refusing to give the charge in the language requested, although this error standing alone might not in some cases justify reversal of a conviction. The vital portion of the State's case consisted of the testimony of Walden, who confessedly committed all three burglaries, although never prosecuted for the same, probably because he was under two life sentences for murder in Georgia. He was a willing and at times almost enthusiastic witness against his alleged accomplice, Padgett. His stories, frequently contradictory, could well furnish material for a number of dime novels. They were replete with what Poo Bah in "The Mikado" designated as "corroborative detail intended to give artistic verisimilitude to an otherwise bald and unconvincing narrative". Walden had a lengthy criminal record, including innumerable convictions for felony. He was an admitted liar, and further admitted that he would have been perfectly willing to have changed his story in the instant case if he had been sufficiently paid to do so. He knew that he was for all practical purposes immune from punishment for perjury due to the pending two life sentences in Georgia. We can conceive of no stronger case requiring a charge to the jury impressing upon it its *110 duty to receive such accomplice's testimony with caution.
The judgment appealed from should be reversed.
It is so ordered.
SEBRING, C.J., TERRELL and HOBSON, JJ., and LEWIS, Associate Justice, concur.
CHAPMAN and THOMAS, JJ., agree to conclusion and judgment.