HOBSON, Acting Chief Judge.
Jerry Styles appeals from his convictions of four counts of robbery with a firearm and one count of aggravated battery with a firearm. The appellant argues that the trial court erred in admitting testimony of a subsequent unrelated robbery, the sole relevance of which was to prove the appellant’s criminal propensities and bad character. We agree and reverse.
The appellant was charged with robbing a liquor store in St. Petersburg with a .22 *704 caliber pistol. Money was taken from three employees and one customer. Another customer present in the store was not robbed. All the victims identified the appellant as the robber from a photopak display. During the trial the State introduced evidence of another robbery, over defendant’s objections. The court allowed a witness to testify that he had been robbed by the appellant while working in a bakery in St. Peters-burg. The prosecutor contended that the evidence of the collateral crime was admissible because the appellant had fired his pistol during the bakery robbery and, therefore, the evidence was relevant to show that the gun used in the liquor store robbery was a firearm within the meaning of Section 790.001(6), Florida Statutes (1977).
Evidence of a collateral offense is admissible in a criminal prosecution if it is relevant to prove any factual issue. However, if its sole relevance is to prove the bad character or criminal propensities of the accused, it is inadmissible. Williams v. State, 110 So.2d 654 (Fla.1959). The admission of the testimony concerning the bakery robbery in the appellant’s trial for robbery of a liquor store is an abuse of the Williams Rule. The testimony of the five eyewitnesses adequately established that the appellant used a firearm within the meaning of the statute. Section 790.001(6) defines a firearm as:
any weapon (including a starter gun) which will, or is designed to, or may readily be converted to, expel a projectile by the action of an explosive.
There is clearly no requirement under the statute that the State prove the gun actually worked. Accordingly, there was no requirement under the statute for the witness to testify that the gun had been fired during the bakery robbery. Whether the gun could fire was not a relevant issue so as to justify the admission of the evidence. Moreover, in view of the overwhelming eyewitness identification of the appellant, identity was not an issue. See Waddy v. State, 355 So.2d 477 (Fla. 1st DCA 1978). And even if identity were an issue in the liquor store robbery, proof that the appellant had committed the bakery robbery was not relevant to show that he committed the liquor store robbery.
[T]he mere fact that a defendant was identified as being involved in another crime does not render such collateral evidence admissible without some similarity in the operation and scheme of both crimes.
Drayton v. State, 292 So.2d 395, 396 (Fla. 3d DCA 1974). Accord, Duncan v. State, 291 So.2d 241 (Fla. 2d DCA 1974).
The introduction of the testimony concerning the bakery robbery amounted to nothing more than prosecutorial overkill. Accordingly, the appellant’s convictions must be reversed. The case is remanded for further proceedings consistent with this opinion.
BOARDMAN and OTT, JJ., concur.