RYDER, Judge.
Jimmie D. Walker appeals his conviction for robbery, arguing that the court erred in admitting evidence of flight and other crimes. We hold that the cumulative effect of all the evidence erroneously admitted deprived appellant of a fair trial, and we reverse.
The State charged appellant with robbery of a Kentucky Fried Chicken restaurant. Employee Ruby Wilson identified appellant as the robber. Wilson testified that she observed appellant during the robbery for ten or fifteen minutes and had seen him for five minutes earlier that day. Wilson said that during the robbery, appellant had a bandage on his face from the nose back. Carolyn Stewart, another Kentucky Fried Chicken employee, also identified appellant as the robber. Stewart observed the robber for five or six minutes, and had also seen him earlier that day. Over objection, Stewart testified that two days after the robbery, she heard a police officer describe a man who robbed the Eagle Discount store across the street. Stewart noted that the description sounded like the man who robbed her. Appellant’s motion for mistrial, based on prejudicial admission of evidence of another crime, was denied by the court.
*1110 Detective Earnest Mathis testified concerning the above witnesses’ photo pak identification of appellant. Mathis stated, “This was the same photograph that was used in another case, so it already had some initials on the back of it.” The court took under advisement appellant’s motion for mistrial on the same grounds.
Ralph Pflieger, another police detective, testified that he was looking for appellant a month after the robbery to arrest him. Pflieger, while riding in an unmarked car, observed appellant and began following him. Appellant ran. After another officer apprehended appellant, Pflieger testified that he read appellant a rights form. The witness read the form, stating, “Offense numbers 41192, 41927. . . . ” Appellant’s motion for mistrial based on improper evidence of other crimes was again denied. Thereafter, Pflieger testified appellant told him he ran from the police because, “He has been involved in a few things and did not want to make contact with the police.” Appellant noted a continuing objection.
The State proffered testimony of a witness to still another robbery at the Tangerine Laundromat. Malvenae Jordan testified that appellant, with half his face bandaged, robbed the laundromat. She saw the robber several times later in the neighborhood. The court permitted this testimony before the jury.
Also on proffer, Young Anuszewski testified to robbery of the Eagle Discount store by a man with a bandage on his face. When asked to make an in-court identification, the witness pointed to a man in the audience. When the prosecutor asked if the witness saw the robber in the courtroom, he responded, “No, I haven’t seen him.” After the prosecutor again asked the question, Anuszewski pointed to appellant, sitting at the table with counsel, and said he was sure of his identification. The witness explained his indecision by saying the man in the audience had a long face and mustache like appellant.
The trial judge permitted this testimony, noting that the identification question was one of weight and sufficiency. Anuszewski identified appellant as the robber before the jury, but testified on cross-examination that the robber had a band-aid on his cheek.
Over objection, Officer Harold Hollem-beack testified to the chase and eventual capture of appellant. Appellant objected to flight evidence in that the flight was too removed in time from the offense (one month) to be of evidentiary weight. While we do not necessarily feel admission of this evidence is reversible error, standing alone, we include it in our discussion for its cumulative effect. Over objection, the court instructed the jury on flight, and the jury returned a guilty verdict.
Evidence of other crimes is admissible to prove identity, common scheme or design, intent, motive or pattern. See Denson v. State, 264 So.2d 442 (Fla. 1st DCA 1972). Most of the comments by the witnesses below regarding appellant’s alleged other crimes serves none of those purposes. The only effect of the testimony was to change the focus of the trial below from the issue of guilt or innocence to an examination of appellant’s character and alleged propensity to commit crime. Appellant did not testify and place his character in issue.
The testimony of the Tangerine Laundromat robbery was arguably relevant to prove identity, since the robber in both wore bandages. Less certain is that the value of the evidence outweighed its prejudice, since there was already clear identification of appellant as the robber below by direct witnesses. See Styles v. State, 384 So.2d 703 (Fla.2d DCA 1980). Of less value was the testimony of the Eagle robbery, since the witness’ identification therein was equivocal. See Davis v. State, 276 So.2d 846 (Fla.2d DCA 1973). See also Hirsch v. State, 279 So.2d 866 (Fla. 1973). Additionally, the common scheme of the Eagle robbery was uncertain, since the witness at one point testified that the robber wore only a band-aid on his face rather than bandages from the nose back.
The cumulative effect of the errors noted above resulted in fundamental prejudice to appellant and denied his constitutional right *1111 to be prosecuted only for the crime charged and to have a fair trial. See Albright v. State, 378 So.2d 1234 (Fla.2d DCA 1979).
The conviction is REVERSED, the judgment set aside, and the case REMANDED for a new trial.
GRIMES, A. C. J., and DANAHY, J., concur.