BERANEK, Judge.
These consolidated cases involve two robberies, one occurring on May 11, 1980, at Geppetto’s Tail of the Whale Restaurant in Fort Lauderdale, and the other occurring on May 21, 1980, at a Howard Johnson’s in Lauderdale-By-The-Sea. Both robberies were committed by a white male with a northeastern accent wearing a stocking mask. The second robbery was accomplished with the use of a gun. The appellant was charged with both robberies and in each case the prosecution filed a notice of intent to offer evidence of a collateral offense and the appellant filed a motion in limine to exclude the evidence. Although presented prior to trial, the court reserved ruling on the appellant’s motion.
Trial on the first robbery was held on January 19 and 20,1981. Prior to the testimony of the arresting officer, the trial court heard argument as to whether the officer could testify to the later robbery at Howard Johnson’s. This officer had stopped the appellant on the date of the second robbery pursuant to a BOLO issued after the robbery, and had found a stocking mask in the car. The court limited the officer’s testimony to stopping the car and finding the mask; no mention was made of the second robbery. In a somewhat inconsistent ruling and over defendant’s objection, the court then allowed the prosecution to introduce testimony of the victim of the second robbery. The victim could not identify the appellant, but merely stated that he had been robbed by a male with a northeastern accent wearing a stocking mask and carrying a gun. The appellant was convicted of robbery and sentenced to Í5 years.
Trial on the second robbery was held February 3 and 4, 1981. Four of the eight witnesses testified solely to the first robbery. The appellant was convicted of armed robbery and sentenced to 30 years to run concurrently with his other sentence. His sole point on appeal in both cases is that the trial court erred in allowing testimony of a collateral offense which was irrelevant and prejudicial. We agree and reverse.
Evidence of other crimes is admissible to prove identity, common scheme or design, intent, motive or pattern. Section 90.404(2), Florida Statutes (1979); Walker v. State, 403 So.2d 1109 (Fla. 2d DCA 1981). In both cases the evidence of the other robbery was ostensibly admitted on the issue of identity. As stated in Drake v. State, 400 So.2d 1217, 1219 (Fla.1981).
The mode of operating theory of proving identity is based on both the similarity of and the unusual nature of the factual situations being compared. A mere general similarity will not render the similar facts legally relevant to show identity. There must be identifiable points of similarity which pervade the compared factual situations.
*259 Here, the only similarities between the two robberies were the use of the stocking mask by a white male with a northeastern accent, hardly unique or unusual circumstances. Further, there were substantial dissimilarities: the crimes occurred ten days apart in different municipalities; one was planned with the help of an employee, while the other was not; one involved a gun, the other did not; one occurred at a restaurant, the other at a motel; and different words were said in each case. The State should not be permitted to select a few similarities while ignoring the large number of dissimilarities. Furthermore, even if the evidence were admissible, the prosecutor made the first robbery a feature of the second robbery trial, not merely an incident. Four of the State’s eight witnesses testified solely to the first robbery. The use of the evidence to this extent constituted reversible error. Ziegler v. State, 404 So.2d 861 (Fla. 1st DCA 1981); Williams v. State, 117 So.2d 473 (Fla.1960). We conclude that the admission of the evidence constituted prejudicial error requiring new trials in both cases.
REVERSED AND REMANDED.
GLICKSTEIN and HURLEY, JJ., concur.