432 So.2d 583 (1983)
Archie Jerome JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 82-369.
District Court of Appeal of Florida, Fourth District.
May 4, 1983.
Rehearing Denied June 29, 1983.
Richard L. Jorandby, Public Defender, Margaret Good, Asst. Public Defender, and Albert Jackson, Legal Asst., West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Max Rudmann, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Judge.
Archie Jerome Johnson appeals his conviction of murder in the second degree and possession of a firearm by a felon. Two of his points on appeal have merit and a third invites comment by this court in order to avoid repetition of the conduct of which he legitimately complains.
The murder victim had been living in a room in Johnson's apartment for about a month. On the day of the criminal incident the two had a quarrel in the morning and that evening the victim came into Johnson's bedroom to renew the discussion. There were harsh words and Johnson shot the victim four times.
At trial the prosecution introduced evidence that approximately two days before this shooting Johnson had evicted his stepfather from Johnson's mother's home at gunpoint, firing two shots in the process. The purpose of this evidence was said to be *584 to show Johnson's intent and "that this is his own bizarre form of evicting people from premises."
Evidence of similar facts is admissible if relevant to any material issue other than propensity to commit crime or bad character. Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959). See Mattera v. State, 409 So.2d 257 (Fla. 4th DCA 1982). There is no suggestion in this case that Johnson was attempting to evict the victim. Nor is any relationship shown between the victim and Johnson's stepfather. The evidence was not material to any issue other than to show propensity or bad character. Its admission was therefore error. It is true that the evidence in question did not become a feature of the trial based merely on the volume of testimony. See Green v. State, 228 So.2d 397 (Fla.2d DCA 1969). However, the jury was instructed on the crime charged and also on manslaughter. It is very possible that the jury might have returned a verdict of guilty to this lesser included offense but for the inadmissible evidence. Williams v. State, 117 So.2d 473 (Fla. 1960). We therefore conclude that, unlike in Clark v. State, 378 So.2d 1315 (Fla.3d DCA 1980), the error could not be considered to have been harmless.
Johnson requested that the jury be instructed that he had no duty to retreat in his own home and that he was entitled to meet force with force. The request was denied. As we view the evidence, the parties were probably not legal co-occupants of the apartment (which would constitute a Conner v. State, 361 So.2d 774 (Fla. 4th DCA 1978), situation) but rather the parties' status more nearly resembled that of lawful occupant and invitee as in Hedges v. State, 172 So.2d 824 (Fla. 1965). Since the matter must be retried we come to no conclusion on this point but simply note that if the victim is a mere invitee the instruction should be given. See State v. Bobbitt, 415 So.2d 724 (Fla. 1982).
Finally, Johnson complains that the prosecutor in cross-examining him referred to fights in prison supposedly involving Johnson (who had spent time there). These inferences raised by the prosecutorial comments have no basis in the record. The relevance of an admission by Johnson that he engaged in fights while in prison is tenuous, to say the least. Such overkill tactics burden the appellate courts and often-times blemish an otherwise fair trial and successful prosecution. They are to be avoided.
We reverse the conviction and sentence and remand for a new trial.
REVERSED and REMANDED.
GLICKSTEIN, J., and ANDREWS, ROBERT LANCE, Associate Judge, concur.