PER CURIAM.
Finding no merit in Williams’s contention that because a co-perpetrator of the robbery carried a firearm, Williams’s conviction of robbery with a firearm should be reversed, Jenkins v. State, 448 So.2d 1060 (Fla. 4th DCA 1984), modified on other grounds, 446 So.2d 1068 (Fla.1985); Hough v. State, 448 So.2d 628 (Fla. 5th DCA 1984); Dixon v. State, 432 So.2d 779 (Fla. 1st DCA 1983), we affirm. Furthermore, we reject Williams’s assertion that the evidence was insufficient to support the jury’s verdict. The victim testified that Williams’s accomplice pointed a gun at him; it was the jury’s function to assess the credibility of that testimony. See Del Rio v. State, 478 So.2d 79 (Fla. 3d DCA 1985); Rodriguez v. State, 436 So.2d 219, 220 (Fla. 3d DCA 1983); see also, Styles v. State, 384 So.2d 703 (Fla. 2d DCA), review denied, 392 So.2d 1380 (Fla.1980).
Finally, we hold that Williams may not cite as error the trial court’s response to a question posed by the jury, when her counsel agreed to the response. Powell v. State, 414 So.2d 1095 (Fla. 5th DCA 1982).
Affirmed.