485 So.2d 38 (1986)
Willie DIX, Appellant,
v.
STATE of Florida, Appellee.
No. 85-517.
District Court of Appeal of Florida, Second District.
March 19, 1986.
James Marion Moorman, Public Defender, and Joseph Eugene Perrin, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Acting Chief Judge.
Appellant appeals his conviction and sentence for robbery with a firearm. We reverse. In doing so, we find error in the conduct of appellant's trial only in regard to the first issue appellant raises on this appeal pertaining to the introduction by the state of evidence of other crimes.
The robbery for which appellant was tried occurred at the Bradenton Drive-In Theater at about 9:00 p.m., on September 17, 1984. Appellant, when arrested on September 21, 1984, confessed to the robbery. He was also questioned about and confessed to several other robberies.
At trial, the state was allowed to introduce testimony of the victim of one of the other robberies that occurred at the First Mate Lounge parking lot in the late evening or early morning hours of September 15 and 16, 1984. The state also introduced evidence of the robbery of the assistant manager of Phil's Steak and Hoagie Restaurant that occurred during the afternoon hours of September 13, 1984.
Appellant testified in his own defense and stated he was addicted to cocaine, having consumed large quantities of the drug just prior to his arrest. He denied committing the Bradenton Drive-In robbery. He repudiated his confessions on the basis that he confessed because of promises of treatment for his drug problem if he cooperated with the law enforcement authorities. Because of appellant's denial of the robbery and his attempted repudiation of his confession, we are unable to say that any error resulting from the admission of evidence of other crimes would be harmless.
There were few, if any, similarities between the facts of the robbery for which he was tried and the state's evidence pertaining to the other robberies. In his taped confession, appellant had confessed to each of the robberies. The state's theory to support introduction of the portion of the confession pertaining to the other robberies and the testimony of the victims of those robberies was to substantiate the identification of appellant in the robbery for which he was being tried and to contradict his repudiation of the taped confession. However, the victim of one of the other robberies was unable to positively identify appellant. While the other victim could identify *39 appellant as the perpetrator of that robbery, that testimony does not transform the evidence of that earlier robbery into admissible Williams Rule "evidence of identification" of the robbery for which he was being tried without further identification of similarities in the circumstances of the robberies themselves. See Drake v. State, 400 So.2d 1217 (Fla. 1981); Mattera v. State, 409 So.2d 257 (Fla. 4th DCA 1982).
Thus, we conclude, under the safeguards established in Williams v. State, 110 So.2d 654 (Fla. 1959), that there were insufficient similar facts in relation to the three crimes to render the evidence of the two unrelated robberies admissible. Absent relevancy, the evidence was impermissibly prejudicial.
This case represents an unfortunate instance of prosecutorial "overkill" which has been warned of by the appellate courts of this state on too many occasions to justify citations. There appears to have been ample evidence to have sustained a judgment of guilt absent the prejudicial inadmissible evidence.
Because of our reversal of this case, we do not reach the errors urged by appellant regarding his sentence. If sentencing is again called for, however, we are confident the trial judge will consider recent sentencing guidelines decisions that may be pertinent but were not rendered prior to the previous imposition of sentence.
Reversed and remanded for a new trial.
FRANK and HALL, JJ., concur.