HERSEY, Chief Judge.
Judith M. Hepler appeals from a conviction of grand theft. We reverse.
Error occurred during trial in permitting witnesses to make reference to having taken a polygraph test, Kaminski v. State, 63 So.2d 339 (Fla.1952), by a witness’s reference to an additional unsolved disappearance of cash from appellant’s place of employment and in permitting the state to commit various improprieties during closing argument. We do not reach the question of whether these errors singly or collectively could be considered harmless because of another error that requires reversal in any event.
The state introduced into evidence the fact that appellant had made misrepresentations on applications for employment which she had submitted to four banks. The purpose of this testimony was ostensibly to show a premeditated scheme to seek employment and then to steal from her employer. Clearly, however, the focus of the evidence was on appellant’s character: that she was a liar and therefore was the most likely perpetrator of the thefts. Such evidence is rendered inadmissible by section 90.404(1), Florida Statutes (1985), the limited exceptions being inapplicable to this case. Our impression that the appellant’s character was the principal target of the evidence in question is buttressed by references to it in the state’s closing argument.
*1007 Finding error, we reverse and remand for a new trial or for other appropriate proceedings.
REVERSED and REMANDED.
ANSTEAD and LETTS, JJ., concur.