## HAVENER v STATE OF FLORIDA

## Case No. 88-17-AP (County Court Case No. 87-47309-MM)

Fourth Judicial Circuit, Duval County

April 24, 1989

### APPEARANCES OF COUNSEL

**James T. Miller,** Assistant Public Defender, for appellant.
**Peter Goia,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

ROBERT L. COWLES, Circuit Judge.

### *ORDER ON APPEAL*

The Appellant, Grover Havener, appeals from a verdict of the Jury on March 17, 1988, finding him guilty of Driving Under the Influence

of alcoholic beverages while affected to the extent that his normal faculties were impaired, pursuant to Florida Statute 316.193(1). The main position of the Appellant is that the Court below committed error in allowing the State to illicit testimony from the arresting officer that the Appellant was asked for his license and stated that he did not have one. The position of the Appellant was that this evidence should have been excluded under Section 90.404(2), Florida Statutes (1987).

The Appellee/State urges that the "Williams Rule" only prohibits evidence of other bad acts when offered exclusively to prove the bad character of the Defendant. The Appellee further points out the fact that the Defendant was unable to present his driver's license was presented without prejudicial comment and in the context of the investigation that followed as being stopped for Driving Under the Influence (DUI). The Appellee's relying on the "Williams Rule" is wrong in that there was no notice that it was attempting to rely upon the "Williams Rule" and that is not the standard by which this appeal will be judged.

The real issue in this case is whether the Trial Court erred in admitting evidence that the Appellant committed a bad act (driving without his license), contrary to Section 90.404(2) Florida Statutes and, whether or not such testimony was prejudicial to the Appellant. Prior to trial, the Trial Court Judge denied a Motion in Limine which would have prevented such testimony from coming into evidence.

To place, the statements made to the police officer in proper context, the statements were as follows:

Q: What happened after he [the Defendant] fell out of the car?

A: He grabbed himself by his hands and he stumbled and started walking. He was very unsteady on his feet. He had to hold on to the vehicle as he walked back towards me. He was staggering. I asked him for his driver's license and he said he didn't have it. I then asked for his name and all that and he was mumbling and it was hard to understand. But I could smell an odor of alcohol above the odor of the Scope.

Q: When you say Scope, do you mean the mouthwash?

A: It was mouthwash. That was in the vehicle . . . that he had taken a drink of when I stopped him.

The Appellant points out that Section 90.404(2), Florida Statutes (1987) should have precluded such testimony from coming into evidence. The pertinent part of the Evidence Code provides as follows:

(2) Other Crimes, Wrongs, or Acts

(a) Similar fact, evidence or other crimes, wrongs, or acts is admissible when relevant to prove a material fact and issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.

Appellant further points out that the Trial Court mistakenly believed that Section 90.404 was limited only to evidence of criminal offenses. Appellant cited *Helper v State,* 510 So.2d 1006 (Fla. 4th DCA 1987); *Johnson v State,* 432 So.2d 583 (Fla. 4th DCA 1983); *Vasquez v State,* 405 So.2d 177 (Fla. 1981); *Padgett v State,* 53 So.2d 106 (Fla. 1951); and *Mitchell v State,* 491 So.2d 596 (Fla. 1st DCA 1986). Appellant points out finally, that even if the fact of not having a license was not a potential criminal offense, it was a bad act. The State cannot attack a defendant's character unless the defense puts the character into evidence, *Straight v State,* 397 So.2d 903 (Fla. 1981). The defendant did not put his character into evidence in this case. The Appellant's argument rests on unfounded speculation as to the Jury focusing on an unemphasized remark and drawing a series of conclusions. However, it (having no driver's license) was a bad act as contemplated by Section 90.404(2), Florida Statutes (1987), and should not have been allowed into evidence.

There is, however, sufficient evidence in the record to uphold the verdict of the Jury below. There was error, but it was harmless error and, as such, this verdict and judgment should not be reversed.

In view of the foregoing, the verdict and judgment below is AFFIRMED.

DONE AND ORDERED at Jacksonville, Duval County, Florida, this 24th day of April, 1989.