662 So.2d 394 (1995)
Eric STEPHENS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-206.
District Court of Appeal of Florida, Fifth District.
November 3, 1995.
James B. Gibson, Public Defender, and James T. Cook, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann M. Childs, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Eric Stephens ("Stephens") appeals the judgment and sentence imposed arising out of his convictions for robbery with a firearm[1] and aggravated assault with a firearm.[2] We find dispositive Stephens' assertion the trial court erred in admitting improper Williams[3] rule evidence. Therefore, we reverse.
At approximately 5:30 p.m. on September 10, 1993, a black male entered the ABC liquor store on South Pine Street in Ocala. He pointed a gun toward a worker who was stationed at one of the two registers and demanded, "Put the money in a bag." He then grabbed the money as it was being taken from the cash register and ran out the door.
Stephens was subsequently charged with robbery with a firearm and aggravated assault with a firearm stemming from the ABC robbery. Prior to trial, the State filed notice that it intended to introduce evidence of a Holiday Inn robbery for which Stephens had been previously convicted that had occurred three days after the ABC robbery. Stephens filed a motion in limine seeking to exclude the evidence. The motion was denied.
Stephens argues, and we agree, that the trial court erred in permitting the State to introduce evidence of the Holiday Inn robbery to establish his identity because *395 the State failed to sufficiently demonstrate a unique modus operandi. In order to establish identity by comparing modes of operation, the law requires similarity and unique factual circumstances. Drake v. State, 400 So.2d 1217, 1219 (Fla. 1981). The fact that a collateral crime witness can identify the accused is insufficient. Dix v. State, 485 So.2d 38, 39 (Fla. 2d DCA 1986). Instead, "the points of similarity must have some special character or be so unusual as to point to the defendant." Peek v. State, 488 So.2d 52, 55 (Fla. 1986) (citing Drake, 400 So.2d at 1219). Moreover, the degree of uniqueness required to admit Williams rule evidence as proof of identity is "fingerprint" type of evidence. State v. Savino, 567 So.2d 892, 894 (Fla. 1990) (citations omitted); see also Sias v. State, 416 So.2d 1213, 1215 (Fla. 3d DCA 1982) (stating that to admit evidence of collateral crimes, it is not enough that there is a greater similarity than dissimilarity between the crimes, but rather there must "be something so unique or particularly unusual about the perpetrator or his modus operandi that it would tend to establish, independently of an identification of him by the collateral crime victim, that he committed the crime charged"), rev. denied, 424 So.2d 763 (Fla. 1982).
In this case, while there are several similarities between the ABC robbery and the Holiday Inn robbery, there are no special characteristics which are so unusual as to point to Stephens.[4] Thus, the court erred in admitting the Williams rule evidence. Furthermore, we are unable to find that this admission was harmless. The admission of irrelevant collateral crimes evidence is presumed harmful because there is a danger that the jury will take the defendant's bad character or propensity to criminal activity as evidence that the defendant is guilty of the crime charged. Keen v. State, 504 So.2d 396, 401 (Fla. 1987) (citing Straight v. State, 397 So.2d 903, 908 (Fla.), cert. denied, 454 U.S. 1022, 102 S.Ct. 556, 70 L.Ed.2d 418 (1980), and reh'g denied, 454 U.S. 1165, 102 S.Ct. 1043, 71 L.Ed.2d 323 (1982)). As the supreme court stated in State v. DiGuilio, 491 So.2d 1129 (Fla. 1986):
Application of the [harmless error] test requires not only a close examination of the permissible evidence on which the jury could have legitimately relied, but an even closer examination of the impermissible evidence which might have possibly influenced the jury verdict... . The question is whether there is a reasonable possibility that the error affected the verdict. The burden to show the error was harmless must remain on the state. If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful.
Id. at 1138-39.
Here, evidence of Stephens' prior robbery conviction was not related to the charge being tried, and it permitted the jury to infer that Stephens was guilty of the present charge on the basis that he has a propensity to commit this type of crime. This leads us to conclude that the evidence should have been excluded, and its inclusion was not harmless error.
REVERSED and REMANDED.
GOSHORN, GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] § 812.13, Fla. Stat. (1993).
[2] § 784.021, Fla. Stat. (1993).
[3] Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).
[4] Both robberies occurred in business establishments near busy roads; both robbers leaned over the counters and asked the clerks to hand over money; both robbers used hand guns; and neither robber attempted to conceal his identity. These characteristics are typical of many robberies, however.